Filed Sept. 23, 1890.

———————◆———————

125    163
168    357

## No. 14,413.

## WATKINS *v.* WATKINS.

DIVORCE.—*Procurement of in Territory.—Residence.—Answer.—Reply.—Juris-diction.*—In an action for divorce, where the defendant answered that he had procured a divorce from the plaintiff in the Territorial court of Montana, having been a resident of the Territory for more than the statutory period required to give the court jurisdiction, a reply is good which alleges that the defendant was not a resident of Montana at any time, but had always been a resident of Indiana.

SAME.—*Non-Residence of Either Party.—Void Decree.—Status of Party.—Power of Court Over.*—Where neither the plaintiff nor the defendant is a resident of the State or Territory in which a decree of divorce is pro-

nounced, the courts have no jurisdiction, and their decree is void.   To give validity to the decree of a court in a suit for divorce, one at least of the parties must be a resident of the State or Territory in which a decree dissolving the marriage is rendered.   Marriage gives to the parties a peculiar legal *status*, and the courts of one State can not, by judgment or decree, fix the *status* of the citizens of another State.

From the Gibson Circuit Court.

*A. P. Twineham*, for appellant.

*H. A. Yeager*, for appellee.

ELLIOTT, J.—The appellee, by her complaint, sought a divorce from the appellant, and the latter answered in bar of the action that he had obtained a decree of divorce in the Territorial court of Montana.   The answer sets forth at full length the proceedings in the suit brought and prosecuted to judgment in that court.

It appears from the answer that the appellant made an affidavit that he had been a resident of the Territory for more than one year prior to the time the suit was instituted, and that the Territorial statute required that a plaintiff in a suit for divorce should have been a resident of the Territory for one year next preceding the filing of his complaint. The appellee, in her reply, alleges that the appellant obtained the divorce in the Territorial court by fraud; that he was not a resident of Montana at any time, but has always been a resident of this State; that she has always been a resident of Indiana; that the Territorial court had no jurisdiction; that the appellant had no cause for divorce; that he attempted to procure a divorce for the fraudulent purpose of avoiding the duty of maintaining his children; that in the year 1882 he began a suit for divorce in this State, and the court refused to grant it.

There is much in the reply that ought not to be found in such a pleading, but surplusage does not vitiate, and the allegation that neither of the parties was a resident of Montana makes the reply good.   Where neither the plaintiff nor the defendant is a resident of the State or Territory in

which a decree of divorce is pronounced, its courts have no jurisdiction, and their decree is void. The subject of divorce is a peculiar one, and to give validity to the decree of a court, one, at least, of the parties must be a resident of the State or Territory in which a decree dissolving the marriage is rendered.. 2 Bishop Marriage and Divorce, section 144.

Marriage gives to the parties a peculiar legal *status*, and the courts of one State can not, by judgment or decree, fix the *status* of the citizens of another State. The courts of Montana could not, therefore, by any decree fix the *status* of citizens of Indiana. Marriage is more than a mere civil contract, and the rules which govern the general subject of marriage and divorce are, in many essential respects, different from those which govern ordinary business contracts. The question is, however, so completely set at rest by the authorities that a discussion is unnecessary. *Tolen* v. *Tolen*, 2 Blackf. 407 ; *Hood* v. *State*, 56 Ind. 263 ; *Hoffman* v. *Hoffman*, 46 N. Y. 30 ; *Kerr* v. *Kerr*, 41 N. Y. 272 ; *Dutcher* v. *Dutcher*, 39 Wis. 651 ; *Davis* v. *Commonwealth*, 13 Bush, 318 ; *State* v. *Armington*, 25 Minn. 29 ; *Reed* v. *Reed*, 52 Mich. 117 ; *Strait* v. *Strait*, 3 MacArthur, 415 ; *Sewall* v. *Sewall*, 122 Mass. 156 ; *Van Fossen* v. *State*, 37 Ohio St. 317 ; *Whitcomb* v. *Whitcomb*, 46 Iowa, 437 ; *Litowitch* v. *Litowitch*, 19 Kan. 451.

As the subject of marriage and divorce is a peculiar one, and different in many respects from ordinary contracts, it is not necessary to examine the decisions in cases growing out of such contracts; indeed, all that can be properly done is to ascertain and declare the rules applicable to the subject of divorce, for other rules are neither relevant nor material.

What we have said in disposing of the questions arising on the reply disposes of the questions presented by the evidence.

Judgment affirmed.

Filed Sept. 23, 1890.