ANTIOCH COLLEGE, ETC., *v.* BRANSON ET UX.

[No. 17,809.    Filed June 11, 1896.]

WILLS.—*Construction.—Contingent Devise.*—Where a testator gives all his "effects" in terms denoting an intention that the beneficiary shall have an absolute estate therein, a provision that if such testator die without issue the estate shall be divided as therein directed, will be construed to state a contingency to happen during the testator's life.

From the Benton Circuit Court. *Affirmed.*

*Allen & Chamberlin*, and *J. D. Brown*, for appellant.

*Claybaugh & Claybaugh*, for appellees.

HACKNEY, J.—This was an action by the appellees, Curtis Branson and Jennie Branson, his wife, and a cross-action by the appellant, Antioch College, of Yellow Springs, Ohio, to quiet the title to certain lands in Benton County. The questions presented in this court arise upon the action of the lower court in sustaining a demurrer to appellant's cross-complaint and in stating conclusions of law in favor of the appellee upon facts specially found. These questions involve the construction of the last will of Joseph A. Miles, which is as follows:

"Boswell grant Township Benton County and State of Indiana know all men by these presents that I Joseph Miles, doth bequeth to Curtice Branson and Jennie his wife all my effects at My death with the proviso, hereafter mention that the said Curtice Branson shal see that My 2 children that lies Beriud near Rosvil Ill shal Be removd to our lot at Boswell Cimetary and furthermore their shal bee a Scotch grannet monument Not less than two hundred and fifty dollars Put upon the lot provided It aint don before my deth

the said Curtice Branson shal pay to Cora Branson One Thousand Dollars if the said Cora marries, I further say that if Jennie outlives Curtice Branson and he dy without ishue she Jennie shall have one Thousand dollars. I further say that if Cory Marries and the said Curtice Branson dies without isue, Jennie and Cora shal have $1,000 each, and the Balance of my estate shal go to the antioch Colledg at Yellow Springs green Co Ohio if there is any left after my funeral expenses debtes are paid. April 1, 1891."

"J. MILES."

"J. S. BRADLEY, Executor of will.
JOHN W. FREEMAN, Witness.
JAMES S. BRADLEY, Witness."

The facts specially found disclose that the testator was a widower without a living child; that Curtice Branson and Cora Branson, named in the will, were the children of his cousin; that his personal property was of the value of $2,600.00, and that his indebtedness was $2,600.00.

The principal question between the parties is as to whether Antioch College was the devisee, primarily, of the real estate of the testator, consisting of one hundred and twenty acres.

Counsel for either side contend for the intention of the testator as disclosed in the language of the testament, and the argument turns chiefly upon the scope of the word "effects" as descriptive of the bounty bestowed upon the appellees. For the appellant it is urged that the word ordinarily applies to personal, and not to real property, and that the word "bequeath," a term properly applied to the disposition of personal property, supports the intention to bestow upon the appellees only the personalty of the testator. We apprehend, however, that the more important inquiry is as to

what provision is made, by the testament for the appellant. It is clearly but a conditional provision, and is made to depend upon the marriage of Cora and the death, without issue, of Curtice Branson. If the contingency stated had happened the estate provided for the college would have been the balance remaining after paying $1,000.00 each to Jennie and Cora.

The testator's reference to the death of Curtice Branson must be construed to state a time or a contingency to happen during the testator's life. *Fowler v. Duhme*, 143 Ind. 248.

The contingency upon which the appellant would share in the estate of the testator can, therefore, never arise.

Other questions discussed by counsel, involving the conditions upon which the appellees' devise or bequest was made to depend, are of no interest to the appellant, and therefore require no decision by the court.

The conclusion that the appellant acquired no interest in the property in question precludes the appellant from asserting possible error in construction favorable to the appellees.

The judgment of the circuit court is affirmed.