Jordan, J.
On November 7, 1893, appellee instituted this action against the appellants, Mayhew, Alius, Hugh, Winona P., Harry, Caroline, Edith, Harriet, and Robert Watson, the two later being husband and wife, and the father and mother of their co-appellants. The first paragraph of the complaint alleges that the plaintiff is the owner in fee simple by virtue of certain tax deeds and other conveyances of lot 6, in Mayhew’s heirs’ addition to the city of Indianapolis. That he and his immediate grantors have been in open, notorious, undisputed and peaceable possession thereof for more than twenty years. That he has paid taxes thereon to the amount of $1,500.00, etc., and that all the defendants are, and have been, nonresidents of this State for over fifteen years, prior to the filing of the complaint. The prayer of the complaint is in the alternative, that plaintiff’s title to the premises be quieted or in the event he is found not to be entitled to this relief, that a lien be declared in his favor for the taxes paid with the interest thereon, and that the realty be ordered sold in satisfaction of the amount found to be due. The second paragraph is similar to the first, and demands the same relief. All of the defendants, except Robert Watson, who was defaulted, filed an answer in general denial, and those, other than Harriet Watson, set up affirmative matter in their answers and sought to quiet their title by way *395 of cross-complaint. Upon the issues joined on the pleadings there was a trial and a special finding of facts by the court and conclusions of law thereon. The finding was against the plaintiff upon his demand to have his title quieted, but in his favor as to a lien for the taxes paid with the interest, and judgment was rendered accordingly.' The questions presented and argued by the appellants, other than Harriet and Robert Watson, arise upon the action of the court in sustaining a demurrer to the third paragraph of the answer, and upon the conclusions of Jaw upon the special finding.
This third paragraph alleged that the cause of action did not accrue within fifteen years. The suit being to quiet title, under the provisions of the code, all matters of defense including the statute of limitations, were admissible under the general denial. Brown v. Fodder, 81 Ind. 491. The general denial having been pleaded in answer, the error, if any, in sustaining the demurrer to this special paragraph was harmless. West v. West, 89 Ind. 529.
A synopsis of the finding of facts by the court is as follows: Lucia Mayhew died November 25, 1867, the owner in fee of the real estate in controversy. By her last will and testament she devised said real estate to three trustees, directing them to convey the use, income, and profits thereof to the appellant, Harriet Watson, for life, and at her death to convey the fee to her, Harriet’s surviving children, and in the event she left no children, then to convey it to the heirs of said Lucia Mayhew. On April 22, 1868, these trustees made the conveyance as directed by Mrs. Mayhew’s will to appellant, Harriet Watson. She and her said husband are still living and co-appellants are their children. All of the appellants are, and have been, nonresidents of this State, since 1867. Taxes upon *396 this real estate, being due and delinquent for the years of 1869, 1870, and 1871, it was sold at a sale of lands delinquent for taxes, on February 5, 1872, to one Martin for delinquent taxes'. On March 30, 1875, Martin assigned his certificate of purchase to Henry D. Pierce, and thereupon on the same day the auditor of Marion county, Indiana, executed a tax deed to Pierce for the said premises. January 5, 1876, Pierce sold and conveyed this lot 6, to one Kilvent, who, on October 29, 1879, sold and conveyed it to Frank McWhinney. Prior to this, June 4,1875, McWhinney had, atprivate sale, purchased the lot for taxes, delinquent for the years of 1872, 1873, and the current year of 1874, and on February 12, 1877, the auditor, upon this sale, executed a deed to said McWhinney for the lot in question.
After the purchase of this real estate by McWhinney he paid the subsequent taxes. On October 28, 1879, McWhinney purchased the lot at private sale in satisfaction of delinquent taxes thereon, due to the city of Indianapolis, and after this purchase he paid city taxes accruing on the lot. On October 20, 1892, McWhinney assigned the certificate upon this last sale to the plaintiff, Daniel W. Lecklider, and on November 20, 1894, the county auditor executed a deed thereon to the plaintiff (now appellee) to said real estate. On October 20, 1892, McWhinney conveyed by a special warranty deed the lot in dispute to the appellee, who paid the subsequent taxes thereon. In January, 1876, the lot was sold in the name of the appellant, Harriet Watson, for delinquent taxes, due the city of Indianapolis, and the certificate issued upon said sale was assigned by the purchaser to said Harriet Watson, and on January 9, 1877, the city of Indianapolis executed to her a street improvement deed, conveying to her said lot. On November 5,1879, *397 in an action pending in the Superior Court of Marion County, Indiana, wherein sád Frank McWhinney was plaintiff and said Harriet and Robert Watson her husband were defendants, the court by its decree quieted the title td said lot 6, in the plaintiff, as against said defendants and all persons claiming title by or through them, and in said cause no other proceedings were had or orders made. All of the deeds herein mentioned were within the time provided by the statute, duly recorded. The lot in question is unimproved, and the taxes paid by the plaintiff and those through whom he claims have not been paid by any of the appellants herein. The insistence of counsel for the appellants is that the conclusions of law upon the special finding of facts awarding a lien upon the real estate in controversy for the taxes paid were erroneous for the reason, as they contend and say, “that McWhinney, plaintiff’s grantor, in another action, elected to satisfy his claim for taxes paid against Harriet and Robert Watson, out of the life estate of Harriet in said real estate, and, therefore, he has no right in this action to assert a lien upon the real estate as against the reversionary interest of appellants.” Their specific contention is that from the facts that McWhinney after he had obtained.the tax title to the lot in question, and before his conveyance to the appellee, instituted an action against Harriet Watson the life tenant, and on November 5, 1879, quieted his title to the real estate in controversy, lie by virtue of the decree, became the owner of the life estate held by Mrs. Watson, and from that time forward, all the duties as to the payment of taxes, etc., which the law enjoined upon her as such tenant, were cast upon Mc-Whinney, and upon the appellee who, as they contend, claims through the former. They further say that by reason of the judgment quieting title in the *398 suit in question, that all right of action on account of tax sales and taxes paid subsequent thereto, was merged therein. We are of the opinion that appellants, under the special finding, are not in a position to present these questions for our determination. The special finding of facts does not disclose upon what grounds McWhinney based his action wherein he obtained the decree quieting his title. Neither are we informed nor does it appear what was embraced or might have been fairly embraced within the issues in that cause. We cannot presume that the gravamen in that action was the same, or had any relation to the one upon which the appellee succeeded in the case at bar. The court declared by its conclusions of law' that the title of the appellee was invalid, but that he was entitled to the statutory lien upon the land for the taxes paid, and rendered a judgment foreclosing such lien.
Under the facts as found by the trial court, we can not hold that the matter as to McWhinney’s lien for taxes paid was or might have been adjudicated under the issues in the action in controversy. Neither is appellants’ contention tenable that by the decree the life estate of Mrs. Watson was transferred to McWhinney. The special finding does not show that the decree contained anything to that effect, but the finding tends to establish the contrary, as it appears that “no further proceedings were had or orders made.” It can not be said that McWhinney derived title under this decree from Mrs. Watson. An action to quiet title is prosecuted for the purpose of determining and quieting plaintiff’s title. Section 1082, Burns’ R. S. 1894 (1070, R. S. 1881). The theory upon w'hich such an action is instituted is, that the defendant asserts, or sets up, some title, right, interest, or claim, in the *399 lands adverse to plaintiff, and the ultimate purpose or object of the suit is to forever settle and put at rest such claims or title of . whatever character. A judgment, in favor of the plaintiff, has the effect to conclusively adjudicate and settle his title as against the defendant, and forever bars the latter from asserting any claim, interest, or title, which he did present, or might have presented, at the time the judgment was rendered. To succeed in an action to quiet title the plaintiff, under the law, must do so upon the strength of his own title.
The above principles are well settled by numerous authorities. Green v. Glynn, 71 Ind. 336; Farrar v. Clark, 97 Ind. 447; Indiana, etc., R. W. Co. v. Allen, 113 Ind. 581, and cases cited; Davis v. Lennen, 125 Ind. 185.
Appellants further insist that the facts show that appellee’s cause of action is barred by the statute of limitation. But it appears from the finding that all of the defendants from the time that the cause of action accrued, to the beginning of the suit, were nonresidents of this State. By section 298, Burns’ R. S. 1894 (297, R. S. 1881), “the time during which the defendant is a nonresident of the state * * * shall not be computed in any of the periods of limitation.” The appellants are, therefore, not in a position to invoke as a defense the statute of limitation. Lagow v. Neilson, 10 Ind. 183; Mechanics’, etc., Association v. Whitacre, 92 Ind. 547; Wood v. Bissell, 108 Ind. 229.
The damages are said to be excessive. The evidence is not in the record, hence we cannot determine this question.
Judgment affirmed.