## CLARK ET AL. *v.* THIEME ET AL.

[No. 22,226.    Filed January 28, 1914.]

1.  WILLS.—*Construction.—Estate Devised.—Fee.—*Under a devise to the son of a testatrix, providing that in case such son should die without issue, at his death one-third of the estate devised to him should go to his wife, and the remaining two-thirds to the other children and grandchildren of testatrix, such son, surviving the testatrix, was vested with the fee absolute upon her death.  p. 164.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Emma M. E. Clark and others against Francis Thieme and others. From the judgment rendered, the plaintiffs appeal. *Affirmed.*

*Byron W. Langdon,* for appellants.
*Kumler & Gaylord,* for appellees.

ERWIN, J.—This was an action brought by appellants seeking the construction of the will of Elizabeth M. Thieme, deceased, as relates to the interest of Charles C. Thieme.

The parts of the will necessary to the decision of this case, are:.

 Item 4.  I give, devise and bequeath to my children Chas. C. Thieme, Sophia Zumpe, John Henry Thieme, Frederick Thieme, and my grandchildren Edward Thieme and John Thieme, children of my son, William Thieme, deceased, all the remainder of the real and personal property of which I may die seized and possessed; the said grandchildren receiving the undivided one-fifth part thereof.  And in case my said son, Charles C. Thieme, should die without issue then at his death one-third of the amount bequeathed to him thereby shall go to his wife Frances, and the other two-thirds ' shall be divided among my other children and grandchildren, sons of my son William, as in this item heretofore provided.  And the share bequeathed by this clause to my said daughter, Sophia Zumpe, is made subject to the provisions contained in item ten of this will.

 Item 5.  In case either one of my said children should die before my death, leaving no child or children surviving, then the share which by this will would go to such child or children, shall be divided among my other children and said grandchildren; the said grandchildren together getting one share.

The will in question is, in its construction and provision like the will of Moses Fowler, mentioned and set out in the case of *Fowler* v. *Duhme* (1895), 143 Ind. 248, 42 N. E. 623.  At least the same question is presented for our consideration as was decided by this court in that case.  This court and the Appellate Court have since followed the ruling of this court in that case.  *Moore* v. *Gary* (1897), 149 Ind. 51, 56, 48 N. E. 630; *Antioch College, etc.* v. *Branson* (1896), 145 Ind. 312, 314, 44 N. E. 314; *Aneshaensel* v. *Twyman* (1908), 42 Ind. App. 354, 357, 85 N. E. 788.

The question here presented is, Does Charles C. Thieme,

under the provisions of Item 4, take the amount bequeathed to him absolute in fee, or did he take a lesser estate? The trial court held, by its ruling on the demurrer, that Charles, having survived his mother, the testatrix, was vested with a fee absolute upon the death of his mother; and the clear and exhaustive opinion of this court, in *Fowler* v. *Duhme, supra,* makes it useless for us to reiterate what is therein set out. On the authority of that case, this judgment is affirmed.

NOTE.—Reported in 103 N. E. 1068. See, also, 40 Cyc. 1593. As to effect of a limitation over on the operation of the rule in Shelley's case, see 3 Ann. Cas. 397.