## HALL v. BAUCHERT ET AL.

[No. 9,998. Filed December 13, 1917. Rehearing denied March 19, 1918.]

1. TRIAL.—*Conclusion of Law.—Exception.—Effect.*—By excepting to a conclusion of law the party excepting admits that the facts within the issues relating thereto are fully and correctly found. p. 207.

2. TRIAL.—*Finding of Facts.—Failure to Find Material Fact.—Effect.*—The failure to find a material ultimate fact is a finding against the party having the burden of proving such fact. p. 207.

3. JUDGMENT.—*Foreign Judgment.—Full Faith and Credit.*—As the Constitution requires that full faith and credit must be given to the public acts, records and judicial proceedings of every other state, where a court found that deceased was granted a divorce in Michigan, and there was nothing in the findings to overcome the presumption of regularity in the divorce proceedings, a conclusion of law that a woman whom deceased married subsequently to such divorce was his widow was not erroneous. p. 208.

4. WILLS.—*Construction.—Estates Created.—Devise of Fee Simple.*—An item in a will devising "all my property both real and personal * * * to my beloved children * * * share and share alike and subject to the conditions hereinafter set out," is sufficient to devise a fee-simple title to one of testator's children. p. 212.

5. WILLS.—*Construction.—Vesting of Estates.*—Where a testator devised real and personal property to his two children and in a subsequent item provided that "In the event my son * * * shall die without issue living at the time of his death," his share should descend to the other child, the language used in such item had a fixed legal meaning, and referred to the death of the son within the lifetime of the testator. p. 212.

6. WILLS.—*Construction.—Estates Created.*—Under a will devising real and personal property to testator's two children and further providing that in the event the son "shall die without issue living at the time of his death," his share should descend to the other child, where the son survived the testator, but died intestate without children, his widow takes by inheritance the property devised. p. 212.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Suit for partition of the real estate of Carey Hall,

deceased, wherein, on the death of John A. Hall, his widow, Lollage C. Hall, was admitted as a party defendant in his stead. From the judgment rendered on issues joined on her cross-complaint she appeals. *Reversed.*

*Shirts & Fertig,* for appellant.
*Gentry & Campbell,* for appellees.

FELT, J.—This is a suit for the partition of real estate on which Carey Hall died seized, and which he devised by his will. Appellant Lollage C. Hall is the widow of John A. Hall, only son of the testator. Appellee Edith Hall Bauchert is the only daughter of the testator, and appellees Carey Hall Bauchert, Merrill, Raymond W. and Guy T. Bauchert are her children. While the action was pending John A. Hall died intestate, and appellant, claiming to be his widow and sole heir at law, on her own application, was admitted as a party defendant in his stead. She thereupon filed an answer to the complaint against appellees, in which she alleged that she was the owner of one-half of the real estate in controversy as heir of her deceased husband, John A. Hall. The complaint was dismissed. The minor defendants filed an answer to the cross-complaint in general denial, by a guardian *ad litem.* The other defendants to the cross-complaint also answered by general denial. All defendants to the cross-complaint joined in a second paragraph of special answer, the substance of which is that appellee Edith Hall Bauchert owns a life estate in all the real estate and her said children a remainer in fee therein; that appellant has no interest in the real estate. The third paragraph of special answer to the cross-complaint alleges that John A.

Hall died intestate and unmarried, leaving appellee Edith Hall Bauchert his sole heir; that his pretended marriage to appellant was bigamous and void. Replies in general denial were filed to the special answers. Upon request the court made a special finding of the facts and stated its conclusions of law thereon.

The errors assigned by appellant are that the court erred in each of the second, third and fourth conclusions of law, and in overruling appellant's motion for a new trial. Appellees assigned cross-error based on the first conclusion of law. The finding of facts states in substance that Carey Hall died testate on October 15, 1915, the owner of the real estate in controversy, describing it; that decedent left surviving him his son, John A. Hall, and his daughter, Edith Hall Bauchert, his children and sole and only surviving heirs at law; that on February 11, 1911, said Carey Hall made and published his last will and testament, which was duly probated in the Hamilton Circuit Court on October 18, 1915, and is as follows:

"Item I.   I will that all my just debts first be paid before any disposition is made of my property under the terms of this will. Item II.   I will, devise and bequeath all of my property both real and personal of which I may die possessed, to my beloved children John A. Hall and Edith Hall Bauchert, share and share alike and subject to the conditions hereinafter set out in this will.

Item III.   I will that in the event my son John A. Hall shall die without issue living at the time of his death, the portion of my estate which he will inherit under this will shall descend to my daughter Edith Hall Bauchert, subject to the condi-

tion hereinafter stated in item 4; however, in the event that my son John A. Hall shall die leaving issue living at the time of his death, that said portion of my estate inherited by him under this will shall descend to his issue in fee simple.

Item IV. I will that my daughter Edith Hall Bauchert shall have only a life estate in and to the real estate devised her under this will in item No. II, and which may afterward be acquired by her under item III from John A. Hall and that at her death said estate to descend to her children share and share alike the fee simple of said real estate to vest in her issue, which may be living at the time of my death or afterward born of her or of her children.

Item V. I hereby appoint John A. Hall to execute the terms of this my will and testament, without bond.''

That John A. Hall died at Marion county, Indiana, on March 17, 1916, intestate, without issue born to him; that at the time of the death of the testator, Carey Hall, Edith Hall Bauchert had four children, viz., Raymond W., Guy T., Carey Hall and Merrill Bauchert, who are living and are her only children; that Marcus Bauchert is the husband of Edith Hall Bauchert. The finding then goes into great detail as to the marriage of John A. Hall to Virginia Tucker in 1877 and their subsequent relations. It shows that they lived together as husband and wife in Hamilton county, Indiana, until 1908, and that thereafter Virginia Hall obtained a decree for alimony and for separation from bed and board for a period of five years from May 2, 1910, from said John A. Hall. The court also finds that on August 8, 1910, John A. Hall

went to the State of Michigan, and that on September 3, 1912, he filed suit for an absolute divorce against Virginia E. Hall in the chancery court of Manistee county, said state, and alleged that he was a resident of said county and state, and that he had been for two years last past. He also alleged that said Virginia had deserted him in 1909, and charged other causes for divorce. The findings show that process was issued and publication of notice duly made, and on June 20, 1913, the case was tried, a finding made that the averments of the bill were true and that a decree of divorce was duly entered; that the laws of the state of Michigan authorize the granting of a divorce on proper proof and due notice when the party applying has been a resident of said state for two years prior to making application therefor; that said John A. A. Hall thereafter returned to Marion county, Indiana, and on July 9, 1913, made application for a license to marry appellant, stating under oath that he was then a resident of Marion county, Indiana; that a license was issued and in pursuance thereof appellant and said John A. Hall were married; that thereafter, at all times, until the death of said John A. Hall, they lived together as husband and wife, in good faith, and so conducted and represented themselves to their friends, neighbors and associates, and were so received and recognized by them; that on October 20, 1914, Virginia E. Hall duly obtained a decree of absolute divorce from said John A. Hall in the Tipton Circuit Court, State of Indiana; that the circuit court of Manistee county, Michigan, was a court of record of general jurisdiction and had jurisdiction in proceedings for divorce; that the laws of said state require such suits to be begun in the county where one

of the parties in interest resides; that the aforesaid proceedings in divorce were in conformity with the laws of the State of Michigan.

The trial court in this case found that it was the intention of Carey Hall that his son, John A. Hall, should have the use and benefit of one-half of all the property of which the testator died seized, and that after the death of said John A. "the fee simple absolute should pass to the issue (meaning children) of John A. Hall living at the time of his death and if no issue survived John A. Hall, then and in that event Edith Hall Bauchert should have a life estate in that part of the real estate formerly held by John A. Hall, and that the fee simple absolute should rest in the children of Edith Hall Bauchert, whether living at the time of the death of the testator or afterwards born. That the intention of Carey Hall was that one-half of all his property should go to Edith Hall Bauchert for life, with remainder in fee simple to the issue of her body, whether born before or after the death of the testator. That by the use of the words, 'Die without issue living at the time of his death,' the intention of the testator was that the words should relate to the death of John A. Hall, either before or after the death of the testator."

The court stated its conclusions of law as follows: "(1) The cross-plaintiff Lollage C. Hall was the lawful wife of said John A. Hall at the time of his death. (2) That under the will of said Carey Hall, the said John A. Hall took a life estate in and to the one-half part of the estate of said Carey Hall, including the land involved in this action and the words in said will, 'Shall die without issue living at the time of his death,' meant the death of John A. Hall. (3)

That said John A. Hall died intestate and without issue, and that upon his death, without issue, as per the will of said Carey Hall, the fee simple in and to said real estate vested in the children of Edith Hall Bauchert, and any children that may hereinafter be born of her subject to the life estate in said estate of said Edith Hall Bauchert. (4) That the cross-plaintiff is not entitled to recover on her cross-complaint and that defendants are entitled to judgment for their costs herein.''

Appellant excepted to each of the second, third and fourth conclusions of law, and to the first conclusion of law appellees separately and severally excepted.

We first consider the question arising on the assignment of cross-errors. Appellees made no motion for a new trial and the only error assigned is

1. that the court erred in its first conclusion of law, which states that Lollage C. Hall was the lawful wife of John C. Hall at the time of his

2. death. By excepting to this conclusion of law, appellees admit that the facts within the issues relating thereto are fully and correctly found. The failure to find a material ultimate fact is a finding against the party having the burden of proving such fact.

We have not set out all the findings of the court relative to the divorce proceedings. But there is no finding that John A. Hall procured his divorce in the State of Michigan by fraud, nor that he went to that state without a *bona fide* intention of becoming a resident thereof, nor that he did not in fact become a resident of such state prior to the institution of his suit for divorce, nor that the record of such court fails to show the requisite jurisdictional facts, includ-

ing notice to the adverse party as required by the laws of that state, nor is it found that the court did not have jurisdiction to try the case and grant the divorce under the laws of the State of Michigan. To the contrary, the findings show that the Michigan court before granting the divorce found and stated, of record, the jurisdictional facts of residence for two years in said state by the plaintiff, of due notice to the defendant according to the provisions of the statutes of that state and all the facts requisite to the entering of a valid decree. The trial court in this case also found that the chancery court had jurisdiction of the subject-matter and of the defendant by virtue of the process issued and notice given, and that the proceedings were in conformity with the laws of the State of Michigan in such cases made and provided.

There is nothing in the findings to overcome the presumption of the regularity of the proceedings in the Michigan court and the validity of the decree entered granting an absolute divorce to John A. Hall from Virginia Hall. Our Constitution requires full faith and credit to be given to the public acts, records and judicial proceedings of every other state. We thus have before us a finding which not only fails to show the requisite facts to sustain appellee's contention, the burden of proving which rested upon them, but we have a finding which indicates a valid decree of divorce granted by the Michigan court to John A. Hall, before he married appellant. *Hood* v. *State* (1877), 56 Ind. 263, 270, 26 Am. Rep. 21; *Watkins* v. *Watkins* (1890), 125 Ind. 163, 25 N. E. 175, 21 Am. St. 217; *Compton* v. *Benham* (1909), 44 Ind. App. 51, 56, 85 N. E. 365; 14 Cyc 814-

816. It follows that the court did not err in its first conclusion of law.

We come now to a consideration of the questions which depend upon the meaning and effect of the will of Carey Hall, deceased. The trial court has stated in the finding of facts that ''by the use of the words 'Die without issue living at the time of his death' the intention of the testator was that the words should relate to the death of John A. Hall either before or after the death of the testator,'' and that it was the intention of the testator that John A. Hall should only have a life estate in one-half of the real estate of which the testator died seized, and that in the event of the death of John A. Hall without leaving children surviving him, the fee-simple title to such real estate should rest in the children of Edith Hall Bauchert, whether living at the time of the death of the testator or afterwards born, subject to a life estate therein in favor of their mother.

But by the motion for a new trial appellant has challenged the sufficiency of the evidence to sustain the decision of the court. The only evidence relating to this branch of the case is the will and an agreement of the parties which is as follows:

''It is agreed between the parties, for the purpose of the trial of this cause, that Carey Hall died on the 15th day of October, 1915, a resident of Hamilton County, Indiana, and the owner in fee simple of the real estate involved in this action; and that he left surviving him his son John A. Hall and his daughter Edith Hall Bauchert, and unmarried and without father or mother living, and without having had any other children.

It is further agreed that the said John A. Hall died intestate on March 17, 1916, without leaving any issue surviving him, and without having had any children, and without father or mother living at the time of his death. It is further agreed that Edith Hall Bauchert is now living and is the cross-defendant in this cause; that she has the following children now living: Raymond W. Bauchert, Guy T. Bauchert, Carey Hall Bauchert and Merrill Bauchert, all under the age of twenty-one years; and that Marcus Bauchert is the husband of said Edith Hall Bauchert.''

It thus appears that there is no evidence to sustain the findings last above set out, unless it be the provisions of the will itself. Such statements in the findings are therefore in the nature of conclusions of law, rather than ultimate facts, and do not aid the findings or give any support to the conclusions of law not found in the will itself. Since the will is in writing and the other essential facts are agreed upon and undisputed, this court has presented to it pure questions of law, the determination of which depend upon the intention of the testator as evidenced by the language of the will viewed in the light of the facts agreed upon by the parties.

Appellant contends that the language employed by the testator in making the devise to John A. Hall had a fixed legal meaning in this state when the will was excuted; that we must presume the language employed was used advisedly in the light of such meaning; that by clause 2 of the will there was devised to John A. Hall the fee-simple title to one-half of the property, both real and personal, owned by the testator at the time of his death; that by the use of the

Hall *v.* Bauchert—67 Ind. App. 201.

language in clause 3 of the will, viz., *"in the event my son John A. Hall die without issue living at the time of his death,"* the testator referred to such death of John A. Hall in the lifetime of said testator, and not to his death at any time either prior or subsequently to the death of said Carey Hall, the testator; that, inasmuch as John A. Hall survived the testator, the provisions of clauses 3 and 4, which deal with the portion of the estate devised to John A. Hall, never became operative; that upon the death of John A. Hall, subsequently to the death of the testator, appellant as his surviving widow and only heir at law inherited the one-half part of the real estate in controversy.

Appellees contend that the rules of construction contended for by appellant do not apply to the will under consideration; that the intention of the testator is clearly expressed by the provisions of the will which show that in no event was John A. Hall to have the fee-simple title to the portion of the real estate devised to him; that he was only given a life estate and upon his death, at any time, without children surviving him, the portion of the real estate so devised to him was to go to the children of his sister subject to her life estate therein.

So much has recently been written on the questions presented by this appeal that we deem it unwise to go into any extended discussion of the subject, and shall therefore in the main adopt the discussion of the same or closely analagous questions found in recent decisions of this court and our supreme court.

Applying the law as declared in such decisions to the case at bar, the following propositions seem to be

clearly established: (1) The language of item 2 is sufficient in itself to devise a fee-simple title to John A. Hall. This proposition is strengthened by the fact that the clause disposes of both real and personal property by the same language. (2) The language of item 3 viz., "In the event my son John A. Hall shall die without issue living at the time of his death," as used in this will, has a fixed legal meaning and had such meaning when the will was executed, and refers to the death of said John A. Hall within the lifetime of the testator. (3) On the facts of this case, John A. Hall, having survived his father, took the fee-simple title to the undivided one-half part of the real estate and personal property of which the testator died seized. (4) John A. Hall having died intestate subsequently to the death of Carey Hall, his father, leaving no children or descendants surviving him, appellant, his surviving widow, takes by inheritance the title to the real estate of which John A. Hall was seized at the time of his death. As supporting these conclusions see the following: *Alsman* v. *Walters* (1915), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921; *Aldred* v. *Sylvester* (1915), 184 Ind. 542, 111 N. E. 914; *Busick* v. *Busick* (1917), 65 Ind. App. 655, 115 N. E. 1025, 116 N. E. 861, and cases cited; *Fowler* v. *Duhme* (1896), 143 Ind. 248, 251 (a), 275, 42 N. E. 623; *Clark* v. *Thieme* (1913), 181 Ind. 163, 103 N. E. 1068; *Skinner* v. *Spann* (1911), 175 Ind. 672, 700, 93 N. E. 1061, 95 N. E. 243; *Smith* v. *Smith* (1915), 59 Ind. App. 169, 109 N. E. 60; *Campbell* v. *Bradford* (1905), 166 Ind. 451, 77 N. E. 849; *Wright* v. *Charley* (1891), 129 Ind. 257, 28 N. E. 706; *Heilman* v. *Heilman* (1891), 129 Ind. 59, 64, 28 N. E. 310;

*Snodgrass* v. *Brandenburg* (1904), 164 Ind. 59, 64, 71 N. E. 137, 72 N. E. 1030; *Aspy* v. *Lewis* (1898), 152 Ind. 493, 52 N. E. 756; *Taylor* v. *Stephens* (1905), 165 Ind. 200, 74 N. E. 980; *Clore* v. *Smith* (1909), 45 Ind. App. 340, 344, 90 N. E. 917.

For the reasons above shown, the judgment is reversed, with instructions to the lower court to restate its conclusions of law, in accordance with this opinion to the effect that appellant was the lawful wife of John A. Hall, deceased, at the time of his death; that upon the death of the testator his son, John A. Hall, under the provisions of the will of his father, Carey Hall, deceased, acquired the fee-simple title to the undivided one-half part of the real estate of which the testator died seized; that appellant as the surviving widow and only heir at law of John A. Hall, deceased, is the owner of the real estate of which John A. Hall died seized, and on her cross-complaint is entitled to recover the undivided one-half part of the real estate described therein, in fee simple, according to the value thereof, costs of suit, and to have judgment of partition as prayed for in her cross-complaint.

NOTE.—Reported in 117 N. E. 972. Wills: *creation of fee-simple estate*, 11 Am. St. 100, 40 Cyc 1574. See under (5, 6) 40 Cyc 1511.