BUNDY ET AL. *v.* BOWMAN ET AL.

[No. 10,184. Filed January 29, 1920.]

1. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer to Answer.*—In an action to quiet title, sustaining a demurrer to several paragraphs of answer to a cross-complaint is not reversible error, where there was also an answer of general denial, since in such actions the statute makes all defenses provable under the general denial. p. 369.

2. MORTGAGES.—*Deeds as Mortgages.—Burden of Proof.*—Where, in an action to quiet title, plaintiff contends that certain warranty deeds are in fact only mortgages, he has the burden of establishing that fact. p. 371.

3. HUSBAND AND WIFE.—*Suretyship of Wife.—Burden of Proof.*—In an action to quiet title, where plaintiff contends that a grantor in certain warranty deeds executed the instruments as surety to secure the debts of her husband, he has the burden of proof on that issue. p. 371.

4. WITNESSES.—*Heirs as Parties.—Competency to Testify Regarding Transactions Prior to Ancestor's Death.—Statute.*—In an action to quiet title which involved the question whether warranty deeds between deceased persons, who are parties to the action, are incompetent to testify to anything which occurred prior to the death of their ancestors, in view of §522 Burns 1914, §499 R. S. 1881, providing that in all suits by or against heirs or devisees, *founded on contract* with or demand against the ancestor, to obtain title or possession of property in the right of such ancestor, neither party to the suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor. p. 371.

5. MORTGAGES.—*Evidence.*—*Undue Influence.*—In an action to quiet title which involved the question whether certain warranty deeds given by a predecessor in title were in fact only mortgages given to secure the debt of grantor's husband, testimony that such grantor was susceptible of being unduly influenced, was properly excluded. p. 371.

6. APPEAL.—*Review.*—*Harmless Error.*—*Erroneous Finding.*—In an action to quiet title between heirs of two individuals, where the trial court found that appellants' ancestor had conveyed all of her interest in the land involved, error, if any, in another finding that appellees' descent from their alleged ancestor had been sufficiently established was not prejudicial to appellants. p. 372.

From Wabash Circuit Court; *Nelson G. Hunter*, Judge.

Action by John Bundy and others against Walter Bowman and others, in which certain defendants filed cross-complaints. From the judgment rendered, the plaintffs appeal. *Affirmed.*

*Alvah Taylor*, for appellants.

*D. F. Brooks*, for appellees.

ENLOE, J.—This was an action to quiet title to certain real estate situate in Wabash county, Indiana. The complaint was in two paragraphs, to which an answer in general denial was filed by certain named defendants; and also cross-complaints were filed by certain other defendants, in which they asked to have their title quieted, as against the appellants, to a portion of the lands described in the complaint, basing their right to have their title so quieted upon two certain deeds, hereinafter referred to.

The appellants then answered these cross-complaints in nineteen paragraphs, the first and second of which were general denials, addressed to said cross-complaints severally. A demurrer was sus-

tained to the third, fourth, ninth, eleventh, twelfth, fourteenth, eighteenth and nineteenth paragraphs of answer so filed. Reply in general denial to the other affirmative paragraphs of answer placed the cause at issue.

The cause was tried by the court, which, upon request, made a special finding of facts and stated conclusions of law thereon favorable to the appellees, cross-complainants, as to lands described in their cross-complaints, and also favorable to the appellants, as to the remainder of said lands, and quieting their title in and to the residue of said lands, not described in said cross-complaints.

The errors assigned challenge the action of the court in sustaining the demurrer to the several paragraphs of answer to said cross-complaint, and

1. in overruling motion for a new trial. There was no reversible error in sustaining the demurrer. In actions of this kind our statute makes *all defenses* provable under a general denial. *Watson* v. *Lecklider* (1897), 147 Ind. 395, 45 N. E. 72; *West* v. *West* (1883), 89 Ind. 529.

The reasons assigned for a new trial which we are called upon to consider relate: (1) To the sufficiency of the evidence to support the several findings numbered 9, 10 and 12; and (2) the action of the court in excluding certain offered testimony.

It appears from this record that the tract of land described in the complaint herein was formerly owned by one Nancy Bundy, alias O-Zah-Noc-Ke-Sum-Quah, who was a member of the Miami tribe of Indians of Indiana; that the tract in question contains about sixty acres; that the said Nancy Bundy acquired said lands as devisee thereof under the will of her mother, Jane Bundy, alias O-Zah-Shin-Quah, which

will had been duly admitted to probate in Wabash county, Indiana, March 15, 1877; that one John Bundy, also a Miami Indian of Indiana, was the husband of said Nancy Bundy; that on August 6, 1887, December 28, 1887, and August 18, 1888, said Nancy Bundy and her husband, John Bundy, executed three several mortgages upon the lands in question to one Eli W. Bowman, and that afterwards, to wit, May 16, 1891, said Nancy Bundy and her husband executed an instrument, which in form is a warranty deed, to Eli W. Bowman, which by its terms conveys to said Bowman fourteen acres off of the south end of said lands described in said complaint, and afterwards, on September 1, 1891, executed to said Bowman a similar instrument covering the ten acres lying immediately north of the lands described in deed of May 16, 1891; that Nancy Bundy died June 15, 1913, after she had commenced this action, and that the appellant John Bundy is her surviving husband, and the appellants Julius Mongosah, Roscoe Bundy and Samuel Bundy are her sons, and that they, with their said father, are the only heirs of said Nancy Bundy; that the appellees Walter Bowman, Wilson Bowman, Tina Hawly, Nellie Draper, Lucy Harry, Wiley Bowman, Ward Bowman, and Margie Niccum, children, and Leah Johnson, grandchild, are the sole and only heirs of said Eli W. Bowman, deceased.

The appellants insist that the two deeds executed by Nancy Bundy and her husband to Eli W. Bowman were in fact only mortgages, given to secure the debt of her husband, John Bundy. Whether these deeds were in fact mortgages, as claimed by appellants, was a question of fact for the trial court, and that court has found thereon against the appellants.

Upon their face, these instruments were deeds of

warranty, conveying the fee of said lands to said Bowman. The burden was upon the appellants to establish the facts: (1) That these deeds were in fact only mortgages; and (2), that the debt thereby secured was not the debt of Nancy Bundy, and that she was thereby attempting to become surety, if they would change the *prima facie* legal effect of said instruments, and have them set aside, as being mortgages, given to secure the debt of another, in violation of the statute.

Under our statute (§522 Burns 1914, §499 R. S. 1881), none of the parties were competent witnesses as to anything which occurred prior to the death of the ancestor; both Eli W. Bowman, the ancestor through whom cross-complainants claimed, and Nancy Bundy, through whom the plaintiffs — appellants — claimed, were dead, and the court did not err in excluding such offered testimony. Neither did the court err in excluding the offered testimony of the witness, William Peconga. The appellants sought to prove by this witness that Nancy Bundy was a person *susceptible of being overreached by undue persuasion or undue influence.* The fact sought to be proved could be of no controlling influence. While our statute prohibited a married woman from becoming surety, she was not prohibited thereby from paying the just debts of her husband, if she chose to do so. If she executed the deeds in question in payment and satisfaction of debts owed by her husband, and did so of her own free will and accord, the fact, if it be granted, that she was a woman *susceptible of undue influence,* could make no difference.

The special findings Nos. 9 and 10 relate to the execution of the two instruments, claimed by appel-

lants to have been mortgages, and which the court, in said findings, found to be warranty deeds. The twelfth finding relates to the matter of the heirship of appellees, as descendants of said Eli W. Bowman. If we should concede that this last finding was wrong—that the heirship had not been sufficiently established—yet appellants cannot complain thereof, for they could not be prejudiced thereby.

In our opinion, the evidence supports the findings, and no error has been presented. Judgment affirmed.