## WIARD v. LANDES ET AL.

[No. 11,649. Filed December 7, 1923.]

1. APPEAL.—*Review.*—*Pleadings.*—*Demurrer.*—*Harmless Error.* —Sustaining a demurrer to a paragraph of cross-complaint is harmless error where the same evidence is admissible under another paragraph. p. 554.

2. TRIAL.—*Special Finding.*—*Failure to Find Material Fact.*— In case of a special finding, a failure to find on an issuable fact is equivalent to a finding against the party having the burden of proving such fact. p. 555.

3. TRUSTS.— *In Land.*— *Parol Agreement.*— *Validity.*— Under §4012 Burns 1914, an express trust in land cannot be created by a parol agreement, and cannot enure to the benefit of a volunteer. p. 555.

From Whitley Circuit Court; *Arthur F. Biggs,* Judge.

Action for partition of real estate, to which Nettie A. Wiard was made a defendant. From a judgment against the named defendant, she appeals. *Affirmed.*

*E. J. Miller, William F. McNagny, Rob R. McNagny* and *Phil M. McNagny,* for appellant.

*Ralph R. Gates, John E. Gates, Benton J. Bloom* and *D. V. Whiteleather,* for appellee.

. NICHOLS, J.—Action for partition of certain real estate located in Whitley county, Indiana. Appellant, on her petition, was permitted to defend therein. She thereupon filed her answer in denial to the complaint and her cross-complaint in six paragraphs. It was then agreed that the real estate involved was not susceptible of partition and that a commissioner should sell the same and hold the proceeds until further order of the court, and that any lien upon or title to the land in favor of appellant should attach to the fund. Thereafter she filed her amended cross-complaint in five paragraphs, making appellees parties defendant thereto. Appellees filed their demurrer to each paragraph of the cross-complaint, which demurrer was overruled to each of the first, fourth and fifth paragraphs, and sustained to each of the second and third paragraphs.

There was a trial by the court with special findings of fact and conclusions of law in favor of appellees, upon which judgment was rendered that appellant take nothing by her cross-complaint.

Appellant assigns as error the action of the court in. sustaining appellees' demurrer to her third paragraph of amended cross-complaint. Such paragraph, briefly stated, is in substance as follows: Appellant was the only child of Elizabeth Landes by a first marriage. After the death of her father, her mother married David S. Landes. There were four children by the second marriage; Charles G. and Alfred V. Landes, Carrie Winn and Jennie Watkins. Appellees other than Clara L. Landes are their respective spouses, and the said Clara L. Landes is the widow of the said David S. Appellant's mother was the owner of forty acres of land in Illinois lying adjacent to 120 acres owned by her second husband, said David Landes. He represented

to her that it would be judicious to sell said tract of land and invest the proceeds in a larger tract of Indiana land, and because of his repeated importunities and his promise that he would take the title to 100 acres thereof in her name, she joined with him in the sale and conveyance of the Illinois tracts, the consideration for her forty acres being $10,300. The purpose which appellant's mother had in requiring the title to 100 acres of the land to be in her own name was that appellant might eventually share therein equally with her said half brothers and sisters. The said David was a strong man, self-willed and conceited and had extensive business experience while his wife was illiterate, inexperienced in business affairs and in ill health. He fraudulently and wrongfully induced her to join in the deed for her Illinois lands without any intention at the time of complying with his agreement to take the title to 100 acres thereof in her name, and that his promises so to do were false and fraudulent, and were made for the purpose of defrauding appellant of her fair share of her mother's estate. Without the knowledge or consent of his wife, the title to said Indiana land was taken in the name of said David and his wife as tenants by entirety, he well knowing at the time that his wife was in ill health and could live but a short time. She was ignorant of the effect of such a deed, never saw the same or accepted it and in no way ratified it. Upon discovering the fraud which had been practiced upon her, upon her importunity so to do, the said David promised his wife that appellant should share with their other four children in all of said Indiana land, and that he would make a deed to appellant for one-fifth of said lands, but he had no intention of performing such promise at the time, and it was fraudulently made for the purpose of deceiving his wife and lulling her into a feeling of security. At that time she was on her death

bed and shortly thereafter died. Thereafter said David wholly failed and refused to carry out said promise to his wife as aforesaid, and to make to this appellant a deed for any part of the Indiana land, and at the time of his death he was the owner of the apparent legal title to all of such lands subject to the trust in favor of his wife and this appellant.

There was a prayer for a decree quieting the title to one-fifth of said Indiana lands in appellant; for an accounting for rents and profits and for all proper relief.

The averments of the third paragraph of cross-complaint, only a synopsis of which is given above, strongly impress us that there are equities in favor of 1. appellant, but we are confronted with conditions in the record which we are unable to surmount. Appellees contend that all of the evidence admissible under the third paragraph of cross-complaint was also admissible under the fifth paragraph of cross-complaint which remained in the record. This paragraph of cross-complaint is not set out in the briefs but we have examined the same as it appears in the record, and we are forced to the conclusion that we must sustain appellees' contention. Under such circumstances any error in sustaining appellees' demurrer to the said third paragraph of cross-complaint was harmless. *Shanklin* v. *Cooper* (1846), 8 Blackf. 41; *Shetterley* v. *Axt* (1906), 37 Ind. App. 687, 76 N. E. 901, 77 N. E. 865; *Bivens* v. *Henderson* (1908), 42 Ind. App. 562, 86 N. E. 426; *Bundy* v. *Bowman* (1920), 72 Ind. App. 367, 125 N. E. 781.

It is averred in both the third and fifth paragraphs of cross-complaint that the consideration for the forty acres of land belonging to appellant's mother was invested in the Indiana land, but the special findings of fact expressly state: "That no part of the consideration for the forty (40) acres belonging to said Eliza-

beth Landes was used in the purchase of said real estate situated in Whitley County, Indiana, the title to which was taken in the name of David S. and Elizabeth Landes as husband and wife." It does appear by the finding, however, that the purchaser of the Illinois lands made a $9,000 mortgage on the forty-acre tract in favor of said David, and that the said David and his wife made a $10,000 mortgage on the Indiana land in favor of their grantors.

It is averred in both the third and fifth paragraphs of said cross-complaint that the title to the Indiana lands was taken in the said David and his wife as tenants by the entirety, without the knowledge and consent of the wife, but on this question, the special findings of fact are silent. A failure to find on such issuable fact is equivalent to a finding against appellant upon whom rested the burden of proof to establish such fact. *Ramsey* v. *Ketcham* (1920), 73 Ind. App. 200, 127 N. E. 204; *Monarch Real Estate Co.* v. *Fry* (1922), 77 Ind. App. 119, 133 N. E. 156; *Hall* v. *Bauchert* (1917), 67 Ind. App. 201, 117 N. E. 972. If the title to the Indiana land was taken in the name of said David S. and his wife as tenants by the entirety with the consent and knowledge of the wife the most that could have been created in favor of appellant was an express trust which was not in writing. Such a trust cannot be created by a parol agreement. §4012 Burns 1914, §2969 R. S. 1881; *Matlock's Admr.*, v. *Nave* (1867), 28 Ind. 35; *Mohn* v. *Mohn* (1887), 112 Ind. 285, 13 N. E. 859; *Thomas, Admr.*, v. *Merry* (1888), 113 Ind. 83, 15 N. E. 244; *Montgomery* v. *Craig* (1891), 128 Ind. 48, 27 N. E. 427; *Noe* v. *Roll* (1893), 134 Ind. 115, 33 N. E. 905. And cannot enure to the benefit of appellant as a volunteer. *Dunn* v. *Dunn* (1882), 82 Ind. 42; *Mescall* v. *Tuley* (1883), 91 Ind. 96; *Stonehill, Exr.*, v. *Swartz* (1891), 129 Ind. 310; *Peterson* v. *Bos-*

*well* (1894), 137 Ind. 211, 28 N. E. 620; *Noe* v. *Roll, supra; Orth* v. *Orth* (1895), 145 Ind. 184, 42 N. E. 277, 44 N. E. 17, 32 L. R. A. 298, 57 Am. St. 185.

We are forced to hold that there is no reversible error.

Judgment affirmed.