Parish v. Kaspare.

## No. 11,771.

## PARISH v. KASPARE.

EASEMENT.—*Naked License.—Revocation.*—A mere naked license to pass over the lands of the licensor is revocable at the pleasure of the latter.

SAME.—*Prescription.—Claim of Right.*—There can be no title by prescription where the user is not under claim of right.

SAME.—*User for Twenty Years.*—Where there is an uninterrupted user of a way for twenty years, under claim of title, an easement therein is established, even though the original claim was not well founded.

SAME.—*Appurtenant Way.*—Where the owner of land annexes to part of it a right of way as appurtenant thereto, and then conveys the land to which the way is made an appurtenance, his grantees, near and remote, acquire an easement.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones, C. G. Offutt* and *R. A. Black,* for appellant.

*E. Marsh, W. W. Cook* and *W. H. Martin,* for appellee.

ELLIOTT, C. J.—The first paragraph of the appellant's complaint alleges that the appellant owns in fee a described tract of land; that the appellee is the owner of another tract of land, which is specifically described; that for fifty consecutive years a way has existed over the appellee's land; that for twenty years the way has been open to the appellant as an easement, and that he and his grantors have been permitted by the appellee and his grantors to uninterruptedly use the way for fifty years, and that in March, 1883, the appellee wrongfully closed up the way.

There was no error in sustaining a demurrer to this paragraph. On the facts pleaded, the appellant had a mere naked license to use the land of the appellee, and such a license is revocable at the pleasure of the licensor. *Williamson* v. *Yingling,* 93 Ind. 42; *Rogers* v. *Cox,* 96 Ind. 157 (49 Am. R. 152); *Nowlin* v. *Whipple,* 79 Ind. 481; *Hodgson* v. *Jeffries,* 52 Ind. 334; *Miller* v. *State,* 39 Ind. 267; *Snowden* v. *Wilas,* 19 Ind. 10; *Cronkhite* v. *Cronkhite,* 94 N. Y. 323; *Wiseman* v. *Lucksinger,* 84 N. Y. 31 (38 Am. R. 479); *Ellsworth* v.

Parish v. Kaspare.

Southern, etc., Co., 31 Minn. 543; Batchelder v. Hibbard, 58 N. H. 269; Lockhart v. Geir, 54 Wis. 133.

A license does not convey any title to the land, and where a mere license is relied on, it must appear that there was a consideration paid for it, or it will be deemed revocable at the will of the person granting it. Clauser v. Jones, 100 Ind. 123; New York, etc., R. W. Co. v. Randall, 102 Ind. 453; Malott v. Price, ante, p. 22.

Where a consideration is paid, or value has been parted with, on the faith that the license is perpetual, then it can not be revoked. Rogers v. Cox, supra; Buchanan v. Logansport, etc., R. W. Co., 71 Ind. 265.

There can be no title by prescription, because it does not appear that the user was under claim of right. Postlethwaite v. Payne, 8 Ind. 104; Peterson v. McCullough, 50 Ind. 35; Palmer v. Wright, 58 Ind. 486; McCardle v. Barricklow, 68 Ind. 356.

An owner of land is not shorn of any of his rights by merely permitting, as a favor, another to pass over his land. In order to establish a prescriptive right, something more than mere permissive user must be shown. Goddard Easements (Bennett's Ed.), 134.

The use of land for the purpose of passing over it is not inconsistent with the right of ownership, and where there is no inconsistency between the use and the ownership, there can be no prescriptive right. It is not necessary, to establish a prescriptive easement, that there should be color of title; but it is necessary that the use should be under an assertion of right, and not simply a user under a naked license.

There is a similarity between the first and second paragraphs of the complaint, but there is nevertheless an essential difference. The allegations which exhibit this difference are these: "And plaintiff says that the remote grantor of the plaintiff and the defendant was the owner of the real estate now owned by the defendant and that owned by the plaintiff; that the remote grantor conveyed the tract of land owned by

the plaintiff to the remote grantor of plaintiff, and as a part of said conveyance an easement was given to said purchaser over the defendant's real estate, and that the same was at said time laid out and fenced off by said grantor, and that the same has been so continuously laid out, and has always since said time been held as an easement by the plaintiff and his grantors to his, plaintiff's, real estate. And plaintiff avers that when said private way was opened by the grantor of the defendant, for the purpose of preventing stock from entering upon the adjoining tracts of land, said grantor erected a gate at the western extremity of said way, but that the said gate was not put up for the purpose of hindering plaintiff's grantors from travelling over the said way, and that their right to so pass over said way was not at any time questioned. And the plaintiff says that Jacob Munson was formerly the owner of all the real estate now owned by the defendant, over which said way passes, and also the tract of land of the plaintiff, and that in the year 1833, about fifty years ago, Jacob Munson conveyed the tract to one Weston, and at the same time gave the said Weston the right of way aforementioned as an appurtenance to said tract of land for a passage-way to a highway; that Munson then and there built a fence on each side of said way."

We think that this paragraph shows that the user began in 1833, under claim of right, and that the way is an appurtenance to the appellant's land. Where a right of way is granted, it becomes an appurtenance to the land, following it into the hands of each successive grantee. *Ross* v. *Thompson*, 78 Ind. 90.

If the way was made appurtenant to the land now owned by the appellant, in 1833, and has since been used by him and his grantors as an appurtenance, there can be no doubt that the user has been under claim of title. As the user has been under claim of title for more than twenty years, and has been uninterrupted, the fact, conceding it to be the fact, that the original claim was not well founded, would not destroy the

easement. But we think that it can not be said to be a fact that the original claim was not well founded, for, if the way was laid out as appurtenant to the land, and actually became an appurtenance, then it needed no express grant to convey it. *Ross* v. *Thompson, supra;* Washburn Easements, 25, section 12.

We suppose it to be perfectly clear, that if the owner of land annexes to part of it a right of way as appurtenant to the land, and then conveys the land to which the way is made an appurtenance, his grantees, near and remote, acquire an easement.

The court erred in sustaining the demurrer to the second paragraph of the complaint.

Judgment reversed.

Filed Jan. 15, 1887; petition for a rehearing overruled April 6, 1887.