Filed Nov. 6, 1889.

No. 13,590.

NOWLIN ET AL. *v.* WHIPPLE ET AL.

EASEMENTS.— *Way.—User.—License.—Permissive Use Not Adverse.—Prescription.*—Where one, after having used a way for a period less than twenty years, continues to use it for more than thirty years afterwards under an agreement with the owner, such a use, constituting a permissive use under a license, can not be adverse, and will not serve as the basis of a prescriptive right. A general right, as by prescription, can not be maintained by alleging and proving a particular or permissive right.

SAME.—*License.—When Irrevocable.*—While a mere naked license to use the land of another is revocable at the pleasure of the licensor, where a consideration has been paid, or value parted with, on the faith that the license shall be perpetual, it can not be revoked to the injury of the licensee.

SAME.—*Parol License.—Expenditure in Reliance Upon.—Irrevocable, Unless Licensee Placed in Statu Quo.*—Where a parol license has been executed and acted upon, and expense incurred in perfecting an easement over the land of another in reliance upon the license, it can not afterwards be revoked without placing the licensee *in statu quo.*

SAME.—*Erection of Gates by Licensee.—Agreement for Perpetual Easement.—Acquiescence in.—Irrevocable License.*—Where persons have erected and maintained gates at their own expense upon the faith of an agreement that they are to have a perpetual easement to pass over the lands of another, the agreement having been fully executed and acquiesced

in by the parties who made it for more than thirty years, the license is irrevocable.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Hopt*, for appellants.

*C. Dandy*, for appellees.

MITCHELL, J.—This was an action by Annie E. Nowlin and others against Lucian C. Whipple and his wife, Nancy Whipple, the purpose of the suit being to obtain a decree perpetually enjoining the defendants from using an alleged private way over a tract of land which the plaintiffs own as tenants in common. Nancy Whipple is the owner of a fifty-acre tract of land, and she and her co-defendant assert a right to a drive-way twelve feet wide and about 1000 feet in length across the plaintiffs' land, in order to gain access to the above-mentioned tract, which they cultivate.

The facts pleaded and proved are substantially as follows: Prior to 1836 both tracts of land involved in the present suit were the property of Ezekiel Jackson, who died about that time. The tract now owned by the plaintiffs was inherited by, and set off to, the decedent's son, Jeremiah, and that owned by Mrs. Whipple, who is a daughter of Ezekiel Jackson, was acquired by her in like manner. While the land was thus owned by Mrs. Whipple and her brother the Whipples used the drive-way in question.

In 1853, the first-named tract became the property of Jeremiah Nowlin, who agreed with the Whipples, that if they would erect and maintain gates at each end of the drive-way, and look after the division fence, they might continue to use the way perpetually across his land, in order to reach their tract.

The gates were erected, and the agreement otherwise complied with. There was some evidence tending to show that Jeremiah Nowlin was one of the commissioners who made partition of the land between the Jackson heirs, and that in adjusting their shares a right of way had been given in

favor of the fifty-acre tract over that owned by the plaintiffs, and that the way in dispute had been used continuously, under a claim of right, for forty years or more prior to 1885, when the plaintiffs, the descendants of Jeremiah Nowlin, sought to prevent the further use of the way.   The question now is, whether upon the foregoing facts the judgment of the court denying the injunction can be maintained?

To establish an easement or private way by prescription over the land of another, it must appear that the way was used continuously for a period of twenty years adversely to the owner, under a claim of right, and that the owner acquiesced in such use.   *McCardle* v. *Barricklow*, 68 Ind. 356; *Parish* v. *Kaspare*, 109 Ind. 586; *Hill* v. *Hagaman*, 84 Ind. 287.

Adverse user is such an use of the property as the owner himself would exercise, disregarding the claims of others entirely, asking permission from no one, and using the property under a claim of right.   Such a use of property continued without interruption for a period of twenty years or more, is equivalent to a grant.   *Roots* v. *Beck*, 109 Ind. 472; *Blanchard* v. *Moulton*, 63 Maine, 434.

Where it appears that one has enjoyed a right of way over the land of another for a period of twenty years or more, such enjoyment, without evidence as to how it began, is presumed to have been in pursuance of a grant, and the burden of showing the contrary lies on the owner of the land.   The presumption which arises from proof of uninterrupted adverse use for the required period is, that there was a grant, and this presumption can only be overturned by proof that the use was by permission, or in some other way not inconsistent with the rights of the owner of the land.   *Garrett* v. *Jackson*, 20 Pa. St. 331; *Pierce* v. *Cloud*, 42 Pa. St. 102; *McArthur* v. *Carrie's Admr*, 32 Ala. 75 (70 Am. Dec. 529.)

The answer shows affirmatively that the defendants, after having used the way for a period less than twenty years, con-

tinued to use it for more than thirty years afterwards under an agreement with the owner. This constituted a permissive use under a license. Such a use can not be adverse, and will not serve as the basis of a prescriptive right. *Shellhouse* v. *State,* 110 Ind. 509. A general right, as by prescription, can not be maintained by alleging and proving a particular or permissive right. *Parish* v. *Kaspare, supra ; Pentland* v. *Keep,* 41 Wis. 490 ; *Chestnut Hill, etc., Co.* v. *Piper,* 77 Pa. St. 432 ; 9 Am. & Eng. Cyc. of Law, 367.

The answer stated facts sufficient to show an irrevocable license. After the way had been used for a long time, less than twenty years, however, there was an agreement, founded on a valuable consideration, that the defendants should enjoy a perpetual easement or right of way over the land.

While it is well established that a mere naked license to use the land of another is revocable at the pleasure of the licensor, yet where a consideration has been paid, or value parted with on the faith that the license shall be perpetual, it can not be revoked to the injury of the licensee. *Snowden* v. *Wilas,* 19 Ind. 10 ; *Robinson* v. *Thrailkill,* 110 Ind. 117, and cases cited.

An executed parol license may become an easement upon the land of another, and may impose a servitude on one tenement, or estate, in favor of another dominant estate. *Dark* v. *Johnston,* 55 Pa. St. 164 ; 6 Am. & Eng. Cyclop. of Law, 142 ; Washburn Easements, 24.

Where a parol license has been executed and acted upon, and expense incurred in perfecting an easement over the land of another in reliance upon the license, it can not afterwards be revoked without placing the licensee *in statu quo.* *Woodbury* v. *Parshley,* 7 N. H. 237.

The defendants erected and maintained gates at their own expense upon the faith of an agreement that they were to have a perpetual easement to pass over the plaintiffs' lands. This agreement having been fully executed, and acquiesced in by the parties who made it for more than thirty years, a

court of equity will not now permit the license to be revoked. There was no error.

The judgment is affirmed, with costs.

Filed Nov. 6, 1889.