Davis *v.* The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

No. 17,100.

DAVIS *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

EASEMENT.—*By Prescription.*—An easement by prescription exists where the use has been adverse under claim of right for sufficient time exclusive, continuous, uninterrupted, and with knowledge and acquiescence of the owner of the estate over which the easement is claimed.

SAME.—*Obstruction of.*—*Injunction.*—*Easement by Prescription.*—Where, in an action to enjoin the obstruction of an alleged easement by prescription, the facts found affirmatively show that the use by the plaintiff and his grantor was without any claim of right, and it does not appear that the use was with the knowledge or acquiescence of the owners of the servient estate, the relief sought can not be granted.

SAME.—*Action to Enjoin Obstruction of, Not Triable by Jury.*—An action to enjoin the obstruction of an easement is purely equitable, and is not triable by jury.

NEW TRIAL.—*As of Right.*—*Title But Incidentally Involved.*—A new trial as of right is not permitted where title to real estate is but incidentally involved.

SAME.—*Newly Discovered Evidence Irrelevant to the Issues.*—It is not error to overrule a motion for a new trial on account of newly discovered evidence, where such evidence is irrelevant to the issues.

From the Montgomery Circuit Court.

*J. L. Shrum,* for appellant.

*J. T. Dye, B. K. Elliott, W. F. Elliott,* and *Kennedy & Kennedy,* for appellee.

HACKNEY, J.—The appellant's complaint against the appellee was in three paragraphs, in each of which he sought to enjoin the appellee from making an embankment in its roadbed at a point where it had maintained a trestlework. In two of said paragraphs, it was alleged that the embankment would wholly obstruct a private passageway under said trestlework, enjoyed by the appellant for more than twenty years; and in the third para-

graph it was alleged that said embankment would destroy a tile drain maintained by the appellant for his adjacent lands. Upon the issue formed, the court rendered a special finding, in which the following facts were stated:   In September, 1869, John S. Gray owned the lands through which the appellee's railway runs, and conveyed to the appellee's predecessor, by deed of general warranty, "the land, right of way, and right of drainage for its railroad;" that said railroad was constructed and the possession of a way was taken by said predecessor; that in said construction a trestlework was built sixty-two feet long and seven feet and three inches from the ground to the bottom of the superstructure. In the year 1873, said deed was recorded, and in 1875 Gray conveyed the lands, through which said railroad had been so constructed, to the appellant; that ever since the construction of said railroad the said Gray and the appellant, each during his ownership of said adjacent lands, used continuously a passageway under said trestle for their live stock and teams in passing from either side of said railroad to the other upon said lands, and in the course of operating said lands as a farm; that said use was without agreement, permission or hindrance from the appellee or its predecessor, and was without any claim of right on the part of either said Gray or the appellant.   It is found also that the appellee intended to and had taken steps towards filling the space occupied by said trestlework with an embankment upon which to carry its railroad, thereby cutting off any opportunity to pass from either side of said railroad to the other at that point upon the level of the adjacent lands.   There are further findings having relation to the destruction of the appellant's tile drain across the line of railroad, but, as the conclusion and decree were in appellant's favor upon that element of the case, such facts need not be

here stated. The court stated, as its conclusion of law upon the facts so found, that the appellee should not be enjoined from obstructing said passageway. The questions arising in this court have reference to this conclusion of the trial court.

The theory of the suit was that the appellant held an easement by prescription in a way across the appellee's right of way, which easement the appellee was about to obstruct.

The argument of appellant's learned counsel covers the field of easement by grant, by necessity and by prescription, but, it is needless to say, our investigations must be confined to the theory of the case as defined by the issue and observed in the trial.

We have examined the evidence, and find that it does not extend beyond the scope of the facts specially stated by the trial court. The facts found are wholly insufficient to establish an easement by prescription. Such an easement does not exist where the use has not been "adverse under claim of right, exclusive, continuous and uninterrupted, besides being with the knowledge and acquiescence of the owner of the estate over which the easement is claimed." *McCardle* v. *Barricklow*, 68 Ind. 356; *Hill* v. *Hagaman*, 84 Ind. 287; *Parish* v. *Kaspare*, 109 Ind. 586; *Nowlin* v. *Whipple*, 120 Ind. 596.

It is sufficient to observe that it affirmatively appears that the use by the appellant and his grantor was without any claim of right, and that it does not appear that the use was with the knowledge or acquiescence of the appellee or its predecessor.

It is further urged that the trial court erred in denying a trial by jury, and in support of this proposition it is insisted that the theory of the complaint presents an action to quiet title, with but an incidental element for injunctive relief. Tested as a complaint to quiet title, it

is insufficient (as to either paragraph concerning the way) in at least the one respect that it fails to allege an adverse claim of title by the appellee. The suit was purely equitable and was not triable by jury. *Miller* v. *City of Indianapolis,* 123 Ind. 196; *Helm* v. *First Nat'l Bank, etc.,* 91 Ind. 44.

Nor can we accept the contention that the appellant was entitled to a new trial as of right under section 1064, R. S. 1881 (section 1076, R. S. 1894). *Richwine* v. *Presbyterian Church, etc.,* 135 Ind. 80; *Miller* v. *City of Indianapolis, supra; Liggett* v. *Hinkley,* 120 Ind. 387; *Bradford* v. *School Town, etc.,* 107 Ind. 280.

These cases hold that a new trial as of right is not permitted though title be incidentally involved.

Further complaint is made that the lower court overruled the appellant's motion for a new trial upon the ground of newly discovered evidence. The alleged newly discovered evidence was that of a witness who had charge of the original grading of said railway, and in whose affidavit it was stated that the chief engineer and officers of the original company directed that no grade be made at the point in dispute and that a trestlework should be constructed to permit the landowner to pass back and forth with his live stock and wagons. This evidence would tend to establish an existing or contemplated contract with, or a contemplated license to, the then owner of the land, Gray, with reference to the use of the way. No claim was made upon the trial and none was made by the motion that a contract was made or contemplated between the company and Gray. No inference would arise from the proposed evidence that an easement had been granted or reserved to Gray. The burden was upon the appellant to show a higher claim than a mere license, as will be seen from the cases we have cited upon the question of the sufficiency of the special finding. If,

therefore, the evidence had been given on the trial the result could not have been different.    It would not have appeared that the use was adverse, exclusive, or, upon a claim of right, higher than a mere license.

We find no error in the record and the judgment of the circuit court is affirmed.

Filed Jan. 18, 1895.