## Gascho *v.* Lennert.

[No. 22,110.    Filed January 9, 1912.]

1. EASEMENTS.—*Prescriptive Right to.—Adverse Possession.*—To establish a prescriptive right to an easement over the lands of another, it must be shown that the way has been used continuously for twenty years, adversely to the owner, under a claim of right, and with the owner's acquiescence.    p. 679.

2. ADVERSE POSSESSION.— *Proof of.— Presumptions.— Burden of Proof.*—Adverse possession creating a prescriptive right consists in the continuous use, for twenty years, of lands, or some interest therein, as owner, disregarding the claims of others, and under a claim of right; and proof of continuous use for twenty years raises a presumption of a grant, which can be overthrown only by proof that the use was by permission, or by facts and circumstances showing that the use was not inconsistent with the rights of the owner of the land.    p. 679.

3. EASEMENTS.— *Private Ways.— Permissive Use of.— Presumptions.*—Where an owner opened a way upon his own land, for his own use, the use thereof by another, even for his own purposes, is presumed to be permissive.    p. 680.

4. EASEMENTS.—*Private Ways.—Evidence.—Highways.*—Evidence that an owner has maintained, upon his own land, a private way, for his own use, for more than twenty years, that plaintiff used it continuously without permission or objection for eleven years, that, prior thereto, the plaintiff's grantors used such way by permission, and that such way was private, does not support plaintiff's claim of an easement therein by prescription, nor does it show such a use as to constitute such way a public highway. p. 681.

From Hamilton Circuit Court; *Ira W. Christian*, Judge.

Suit by Israel M. Gascho against Henry L. Lennert. From a judgment for defendant, plaintiff appeals.    Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.    *Affirmed.*

*Fred E. Hines,* for appellant.

*O. H. Mendenhall* and *Christian & Christian,* for appellee.

MONKS, J.—Appellant was the owner of a tract of land adjoining the land of appellee on the north. There was a driveway on appellee's land used by him and his grantors to go to and from the public highway and the barn on said real estate. Appellant claims that said driveway has existed for more than twenty years, and that he and his grantors have used said driveway to go to and from the same highway and the barn on his said real estate for more than twenty years. This suit was brought by appellant to enjoin appellee from closing up said highway by a fence, or in any other manner interfering with his use of it. Appellee filed a general denial to the complaint. The court made a special finding of facts and stated conclusions thereon in favor of appellee. Over appellant's motion for a new trial, judgment was rendered in favor of appellee. The only errors assigned call in question the action of the court in overruling the motion for a new trial. The causes assigned for a new trial were that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

No question was made in the court below as to the sufficiency of the complaint.

It is first insisted by appellant that as the evidence shows that the driveway has been used for more than twenty years, it is a highway by virtue of §6178 Burns 1908, §4321 R. S. 1881. *Southern Ind. R. Co.* v. *Norman* (1905), 165 Ind. 126, 130; *Strong* v. *Makeever* (1885), 102 Ind. 578; *Pitser* v. *McCreery* (1909), 172 Ind. 663.

Said cases cited by appellant did not construe §6178, *supra,* and have no application thereto. The cases of *Strong* v. *Makeever, supra,* and *Southern Ind. R. Co.* v. *Norman, supra,* were under sections containing the following language: "All public highways which have been or may hereafter be used as such for twenty years or more shall be

deemed public highways.'' This provision was contained in the highway act of 1852 (1 R. S. 1852 p. 315, §45, 1 G. & H. p. 366, §45); Acts 1867 p. 133, §5035 R. S. 1881, §6762 Burns 1894; Acts 1897 p. 192, §6862 Burns 1901.

The case of *Pitser* v. *McCreery, supra,* was under §7663 Burns 1908, Acts 1905 p. 521, §15.

Section 6178, *supra,* which has been in force in this State since May 6, 1853 (1 R. S. 1852 p. 259, §1), so far as it applies to this case, reads as follows: "The right of way * * * or other easement from, in, upon or over the land of another, shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty years."

It has been uniformly held in this State, that to establish an easement or private way by adverse use over the land of another, it must appear that the way was used continuously for a period of twenty years, adversely to the owner, under a claim of right, and that the owner acquiesced in such use. *Nowlin* v. *Whipple* (1889), 120 Ind. 596, 598 and cases cited; *Null* v. *Williamson* (1906), 166 Ind. 537, 539; *Davis* v. *Cleveland, etc., R. Co.* (1895), 140 Ind. 468, 470 and cases cited.

"Adverse user is such an use of the property as the owner himself would exercise, disregarding the claims of others entirely, asking permission from no one, and using the property under a claim of right. Such a use of property continued without interruption for a period of twenty years or more, is equivalent to a grant. * * * Where it appears that one has enjoyed a right of way over the land of another for the period of twenty years or more, such enjoyment, without evidence as to how it began, is presumed to have been in pursuance of a grant, and the burden of showing the contrary lies on the owner of the land. The presumption which arises from proof of uninterrupted adverse use for the required period is, that there

was a grant, and this presumption can only be overturned by proof that the use was by permission, or in some other way not inconsistent with the rights of the owner of the land.'' *Nowlin* v. *Whipple, supra.* See, also, *Mitchell* v. *Bain* (1895), 142 Ind. 604, 607.

While it is true as a general rule that the open and continuous use of a way as owner for the statutory period, casts upon the owner of the servient estate the burden of explaining the possession, yet as the doctrine of prescription is founded upon the presumption of a grant, the person against whom it is asserted may appeal to facts and circumstances for the purpose of showing that the use was not under a claim of right. If the facts and circumstances of a case lead to the conclusion that the use was merely permissive, they are fatal to the prescription. *Null* v. *Williamson* (1906), 166 Ind. 537, 544, 547.

It was said in the case of *Parish* v. *Kaspare* (1887), 109 Ind. 586, 587: ''An owner of land is not shorn of any of his rights by merely permitting, as a favor, another to pass over his land. In order to establish a prescriptive right, something more than mere permissive user must be shown. Goddard, Easements (Bennett's ed.) 134. The use of land for the purpose of passing over it is not inconsistent with the right of ownership, and where there is no inconsistency between the use and the ownership, there can be no prescriptive right. It is not necessary, to establish a prescriptive easement, that there should be color of title; but it is necessary that the use should be under an assertion of right, and not simply a user under a naked license.''

When a space is designedly left open by the owner for his own convenience, the presumption ordinarily is that the use of such space by another, even for his own purposes, is permissive. *Null* v. *Williamson, supra,* p. 540; *Kilburn* v. *Adams* (1843), 7 Metc. (Mass.) 33, 39, 39 Am. Dec. 754;

*Long* v. *Mayberry* (1896), 96 Tenn. 378, 36 S. W. 1040; 14 Cyc. 1150, 1151.

There is evidence showing that the driveway in controversy on appellee's land has been used by appellee and his grantors as a private driveway to go to and from the public highway and his barn on said real estate for more than twenty years; that it was made by a former owner of said land for his own convenience; that appellant and his grantors have also used said driveway for more than twenty years, to go to and from the same highway and a barn on the real estate now owned by appellant; that the use of said driveway by appellant and his grantors was during the time appellee and his grantors were using it; that appellant has owned his land and used said driveway for about eleven years, without permission or objection from anyone; that appellee has owned his said land for about six years, and that he has neither given permission nor objected to the use of the driveway by appellant. Two of the former owners of the land owned by appellant testified that their use of said way was by permission of the owner of the land on which said driveway was located, and that said driveway was a private driveway.

The evidence does not show such a use of said driveway on appellee's land as establishes a private way or easement thereon in favor of appellant. Neither does the evidence show such a use of said driveway as makes it a public highway under §5035 R. S. 1881, or §6762 Burns 1901, Acts 1897 p. 192, or §7663 Burns 1908, Acts 1905 p. 521, §15.

Applying the rules of law, heretofore stated, to the evidence, we cannot say that the finding of the court is not sustained by sufficient evidence or is contrary to law. It follows that the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.