## MONARCH REAL ESTATE COMPANY *v.* FRYE ET AL.

[No. 10,891. Filed December 9, 1922.]

1. EASEMENTS.—*Easement by Prescription.—Requisites to Establishment.*—To establish the existence of a prescriptive right to an easement, an actual, open, notorious, continuous, uninterrupted, adverse use for twenty years under claim of right, or such continuous adverse use with the knowledge and acquiescence of the owner of the land, must be shown. p. 124.

2. EASEMENTS.—*Easement by Prescription.—Burden of Proof.*—One claiming a prescriptive right to an easement has the burden of establishing each element of the prescriptive right as a necessary, independent, ultimate fact. p. 124.

3. TRIAL.—*Special Findings.—Failure to Find.—Effect.*—In an action to establish a prescriptive right to an easement, the court's failure to find any of the elements of a prescriptive right must be construed as a finding against plaintiff, and is fatal to his cause of action. p. 124.

4. EASEMENTS.—*Easement by Prescription.—Permissive Use of Way.*—Where there was no inconsistency between the ownership of an alleyway by defendant and his predecessors in title, and its permissive use by plaintiff, there could be no prescriptive right in favor of plaintiff based upon such a user. p. 125.

5. EASEMENTS. — *Easement by Prescription. — Adverse Use. — Burden of Proof.*—In an action to establish an easement in a way by prescription, the burden was on plaintiff to show that the use by itself and predecessors was adverse. p. 125.

6. EASEMENTS.—*Easement by Prescription.—Permissive Use.*—A permissive use of a way cannot be adverse so as to ripen into an easement by prescription. p. 125.

7. EASEMENTS.—*Easement by Prescription.—Permissive Use.*—The use of a way owned by defendants and his predecessors in title by plaintiff and his predecessors in title when the way was not obstructed *held* permissive and not inconsistent with the rights of the owner. p. 126.

8. EASEMENTS.—*Easement by Prescription.—Permissive Use.—Evidence.*—That the use of a way in which an easement was claimed by prescription was permissive might be shown by inference or implication, and it was not necessary to prove such a use by direct expression. p. 126.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by the Monarch Real Estate Company against Cyrus E. Frye and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*James H. State* and *Vernon W. Van Fleet,* for appellant.

*Elias D. Salsbury* and *Arthur E. Zigler,* for appellees.

NICHOLS, J.—Action by appellant against appellees to enjoin them from closing and interfering with an alleyway alleged to be appurtenant to appellant's real estate in the city of Elkhart, Indiana, and to establish an easement in such alleyway.

There was a special finding of facts, which facts so far as here involved, are in substance as follows:

Cyrus E. Frye, hereinafter mentioned as appellee, and his immediate and remote predecessors in title, for more than fifty years last past, have been the owners in fee simple of a part of Lot No. 54 of the First Addition to the town (now city) of Elkhart, Indiana, described as follows: Beginning on the east line of Main street, twenty-two and one-half feet south of the northwest corner of said lot; thence east eighty feet; thence north twenty-two and one-half feet; thence east five feet; thence south eighty-two and one-half feet; thence west five feet; thence north twenty feet; thence west to Main street, thence north to beginning. There has been for more than forty years last past on said real estate a three-story brick building facing Main street on the west, and extending sixty-five feet easterly. Appellant is the owner of the following: a part of said Lot 54: beginning at the southwestern corner of said lot, and running thence eastwardly eighty feet; thence northwardly twenty feet; thence westwardly eighty feet to the west line of said lot; thence southwardly twenty feet to the beginning.

The following plat will help to understand the situation:

Since 1870, there has been a two-story brick building on the last described tract extending from said Main street eastwardly about seventy feet. In the rear of said building and extending eastwardly for about ten feet, appellant and its grantors have maintained a porch and stairway for thirty-five years. Appellee's remote predecessor in title, David S. Simonton, from whom title passed Jan. 1, 1902, while seized of the premises now owned by said Frye, for thirty-eight years prior to February 19, 1900, was also owner and in possession and control of the premises immediately south of and adjoining the real estate of appellant, now known as the Blessing property, improved by a two-story brick build-

ing, with windows and doors opening to the rear of said property and out upon said strip of land in controversy, which said strip of land afforded to both the properties of said Simonton (that now owned by appellee and that now known as the Blessing property) access to Lexington avenue to the north. No mention is made in any of the deeds in the chain of title of appellees' land, which is traced back to Simonton's purchase, April 6, 1858, of an easement over said five-foot strip; but said deeds all convey the same absolutely. Said properties of Simonton were during the time he owned the same leased to tenants, and not occupied by him, but he owned and held said five-foot strip in question for the use of his tenants for ingress and egress to and from Lexington avenue to the rear of said buildings on his said lands. Appellant purchased its said land September 16, 1914, and continued to own it in fee simple and was in possession thereof thereafter to this date. The first or ground floors of all of said buildings were used for mercantile, office and business purposes, and the upper floors were used for residence, business or office purposes, during all of the times from and after 1870, and said five-foot strip owned by appellee, formerly owned by said Simonton, ran along the east line of all of said properties to Lexington avenue; said five-foot strip of land was owned by the said Simonton as a passageway from Lexington avenue to the rear of his said buildings, and was so used during all the time he owned said buildings by his tenants in said buildings as a passageway to reach Lexington avenue, and in conveying goods and fuel to said buildings and ashes and refuse from said buildings to Lexington avenue, and that during said times the appellant and its predecessors in title and their tenants, and also the owners of other buildings along said five-foot strip used said passageway from 1870, down to the beginning of this

action, and at all times when the same was not obstructed; in the winter time the tenants of the buildings of Simonton and the tenants and owners of the other buildings would pile ashes and debris of all kinds upon said five-foot strip, so that during the winter season there were times when it was so obstructed that it could not be used for a passageway without traveling over said obstructions. In the year 1892, and for some years prior thereto, there was a two-story brick privy on appellee's land which extended partially over said five-foot strip leaving about two feet of said passageway open. From the year 1870, the owners and tenants of the building so owned by appellant's predecessors and the owners and tenants of all the buildings along said five-foot strip, used said five-foot strip as a way to and from the buildings in the rear thereof when the same was not obstructed as aforesaid, without any objection on the part of the said Simonton or his tenants in possession of his property during all of said time, in the same manner that the same was used by said Simonton and his tenants in possession of his property. The use of said five-foot strip as a passageway for appellant and others was a permissive use. During the month of July, 1919, and prior to the commencement of this action, appellee entered upon said five-foot strip of land so used as a passageway, and dug trenches across said strip, and placed concrete therein and foundation for brick walls, and in so doing obstructed said passageway so that the appellant and its tenants could not pass and repass through the same; it was the intention and purpose of appellee in doing said acts to erect two brick walls, one of which would be a solid wall, one story high over and across said passageway which would obstruct it so that appellant could not use it for ingress and egress to and from its property to Lexington avenue. Appellee Welter was the agent

of appellee Frye, and so acting for him in the doing of said acts.

On these facts the court stated as its conclusion of law here involved, that appellant was not entitled to recover as to its claim of an easement for a passageway over said five-foot strip, and upon this conclusion judgment was rendered in favor of appellee. Appellant filed a motion for a new trial which was overruled and now assigns as error that the court erred in its conclusion of law aforesaid, and in its ruling upon the motion for a new trial.

Appellant undertakes to establish the existence of its easement by showing a prescriptive right. In order to do this it must show an actual, open, notorious, 1. continuous, uninterrupted, adverse use for twenty years under claim of right, or it must show such continuous adverse use and with the knowledge and acquiescence of the owner of the land. *Worthley* v. *Burbanks* (1897), 146 Ind. 534, 45 N. E. 779; *Frankboner* v. *Corder* (1891), 127 Ind. 164, 26 N. E. 766; *Nowlin* v. *Whipple* (1889), 120 Ind. 596, 22 N. E. 669, 6 L. R. A. 159; *Davis* v. *Cleveland, etc., R. Co.* (1895), 140 Ind. 468, 39 N. E. 495; *Gascho* v. *Lennert* (1912), 176 Ind. 677, 97 N. E. 6; *Smith* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194; *Kibbey* v. *Richards* (1902), 30 Ind. App. 101, 65 N. E. 541, 96 Am. St. 333; *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 94 N. E. 914; *Gaskill* v. *Barnett* (1913), 52 Ind. App. 654, 101 N. E. 40.

Each of these elements for the purpose of establishing a prescriptive right must be established as a necessary, independent, ultimate fact, the burden of 2, 3. showing which is on the party asserting the prescriptive title, and the failure to find any one of such elements was fatal to appellant's cause of action, for such failure to find is construed as a finding against

it.  *Benedict* v. *Bushnell* (1917), 65 Ind. App. 365, 117 N. E. 502.

It will be observed that there was no finding of fact that the user of the five-foot strip for an alley-way was uninterrupted; to the contrary it appears that repeatedly the alley-way was obstructed by appellee and his predecessors in title for a number of years by a permanent brick building thereon.  There was no inconsistency between the ownership of the alley-way by appellee and the permissive use of the same by appellants and others along with appellee, and where . there is no inconsistency between the use and the ownership there can be no prescriptive right.  *Parish* v. *Kaspare* (1887), 109 Ind. 586, 10 N. E. 109; *Null* v. *Williamson* (1906), 166 Ind. 537, 78 N. E. 76; *Gascho* v. *Lennert, supra.*

There was no finding that the alley-way, which was an unenclosed one, was used by appellant and its predecessors under a claim of right, or that it was adverse.  The burden under the general rule was upon appellant to show adverse user.  *Palmer* v. *Wright* (1877), 58 Ind. 486; *Warren* v. *Jacksonville* (1853), 15 Ill. 236, 15 Am. Dec. 610; *Kilburn* v. *Adams* (1843), 48 Mass. (7 Metc.) 33, 39 Am. Dec. 754; *Sims* v. *Davis* (1839), Cheves (S. C.) 1, 34 Am. Dec. 581; 9 R. C. L. 782.

This burden it failed to discharge.  A failure to find such adverse user was equivalent to a finding against appellant on that ground.  It clearly appears by the findings that the use which appellant made of the alley-way was a permissive use, and a permissive use cannot be adverse.  *Gascho* v. *Lennert, supra; Smith* v. *Ponsford, supra; Null* v. *Williamson, supra.*

Appellant contends that there is no evidence of per-

missive use, but there is ample evidence in the record to sustain the court's finding as an ultimate fact that the user of the way was permissive. It is not necessary to establish a permissive use that it be shown by affirmative expression. The authorities are abundant that such use may be shown by inference or implication.

7, 8.

In the case of *Granitoid Co.* v. *Cement Co.* (1912), 169 Mo. App. 295, 152 S. W. 601, the action was for injunctive relief against the using of a common switch, for the purposes which were not originally contemplated, and after hearing the evidence the court found for the defendant and dismissed the action. A new trial being granted to plaintiff, the defendant appealed from such order. The court stated that: "It seems to be the generally accepted rule in cases such as this, where both the owner and another use the way and it appears that the use of the other person in no manner interferes with that of the owner or injures the road, that the courts will treat such use as permissive only and not sufficient, in the absence of a more positive and direct showing, to establish a claim of adverse user." Again, the court says: "It is said in such cases the use of the way by others does not necessarily import adverse user under a claim of right and exclusive within the meaning of that term; but from the fact that it is kept open and used by the owner for his own purposes, it is to be inferred rather that the use by others is by his consent and permission. There is not a suggestion in the record that defendant or its predecessor in title ever asserted an adverse claim of right with respect to the use of this switch, and the entire proposition depends upon the mere fact that it was permitted to use it at a time when such use in no manner interfered with the rights of the plaintiff or its predecessor who was all of the time using the switch in its own business as well.

Obviously the presumption of adverse user may not arise amid facts and circumstances thus appearing, if such facts and circumstances attending the use are sufficiently strong to repel it in that they suggest mere permission."

In the case of *Anthony* v. *Kennard Bldg. Co.* (1905), 188 Mo. 704, 724, 89 S. W. 921, 926, the court says: "But if the owner of land opens a road across it for his own use and uses it and keeps it open for his own use, the fact that he sees his neighbor also making use of it, under circumstances that in no way injures the road or interferes with his own use of it, does not justify the inference that he is yielding to his neighbor's claim of right or that his neighbor is asserting any right; it signifies only that he is permitting his neighbor to use the road."

In the case of *Thomas* v. *England* (1886), 71 Cal. 456, 12 Pac. 491, it was held that right by prescription must be by adverse possession, and one of the requisites of adverse possession being that it shall not be with the consent, express or implied of the owner of the alleged servient estate, where in an action to establish a right of way the court found that the use of the way by plaintiff claiming title by prescription was with the implied consent of the owner of the land over which the way passed, a judgment for the defendant was proper. The court says the use "must be *adverse,* and under claim of a legal right so to do, and not by consent, permission, or indulgence merely of the owner of the alleged servient estate. This is quite. obvious in cases where the consent, permission, or license is expressly given. But it is no less true where the permission and license is implied, as it may well be from the facts and circumstances under which the use was enjoyed. *Bradley's Fish Co.* v. *Dudley,* 37 Conn. 136."

In *Sharpe* v. *Marcus* (1902), 137 Ala. 148, 33 South.

821, it was held that when a user is not inconsistent with the rights of the owner of the fee in its use and enjoyment, the presumption is that such user is permissive and not adverse; that an easement by prescription is created only by an adverse or hostile use of the privilege, with the knowledge of the person against whom it is claimed, or by use so open, notorious and uninterrupted that knowledge will be presumed, and exercised upon a claim of right adverse to the owner and acquiesced in by him, extending to a period at least to that prescribed for acquiring title to land by adverse possession, and that no easement can be acquired when it is by express or implied permission.

In *Jesse French Piano & Organ Co.* v. *Forbes* (1900), 129 Ala. 471, 29 South. 683, 87 Am. St. 71, it was held that where the owner of property has an alley-way opened for his own use and for the use of his tenants, the fact that the owner or tenants of adjoining property used and passed through such alley-way and continued to do so for a number of years, is not sufficient to establish a right by prescription in such alley-way unless there was some act of adverse user by which the owner is given notice of the claim on the part of such persons to pass over the alley-way as a matter of right, as distinguished from a mere license or permission of the owner. The use of a private way, without a claim of right, cannot form a basis of a prescriptive right of easement. The court says if the user be not exclusive, and not inconsistent with the rights of the owner of the land to its use and enjoyment, the presumption is that such user is permissive rather than adverse. Again the court says: "No easement can be acquired when the use is by express or implied permission." Citing Jones, Easements §§175, 180.

In *Stewart* v. *White* (1900), 128 Ala. 202, 30 South.

526, 55 L. R. A. 211, it was said that where an easement is claimed by prescription, it must be shown that the user and enjoyment was adverse to the owner of the estate under a claim of right, exclusive, uninterrupted and with the knowledge, actual or presumed, of such owner, and if the user is merely permissive, tolerated by the owner, or held under an implied license from him, it is revocable at pleasure and will never ripen into a title by prescription.

In *Manion* v. *Creigh* (1871), 37 Conn. 462, a lane upon the plaintiff's land was open to the highway, and was used by the defendant in common with the plaintiff, and with no injury to the plaintiff. Held that the court would hesitate to regard the use of the defendant as adverse and that it was more natural to refer to it as an implied permission. Where, however, the court below found that the defendant had used the way under a claim of right, it was held that there was no presumption of law that the use was permissive. It is observed, of course, that in the instant case there was no finding and no evidence of a claim of right.

In *McBride* v. *Bair* (1907), 134 Iowa 661, it was held that a mere user of a right of way over the land of another will not create a prescriptive right therein, even though with the consent of the owner, there must also be a claim of right.

In *Union Pac. R. Co.* v. *Kindred* (1890), 43 Kan. 134, 23 Pac. 112, it was held that where abutting or adjoining landowners cultivate and occupy a part of a highway granted by Congress as an easement to a railway company such possession must be regarded as permissive only, and not hostile or adverse, so as to confer title.

The authorities establishing the proposition that a permissive use may be inferred from surrounding circumstances are overwhelming. We do not need to cite

them further from other jurisdictions for the question has been definitely settled by our own Supreme Court.

In the case of *Gascho* v. *Lennert, supra,* the Supreme Court says that: "When a space is designedly left open by the owner for his own convenience, the presumption ordinarily is that the use of such space by another, even for his own purposes, is permissive."

We find no reversible error. The judgment is affirmed.

Dausman, C. J., dissents.