CITY OF COLUMBUS, ET AL. *v.* INDIANA BELL TELEPHONE COMPANY, INC.

[No. 272A94. Filed April 26, 1972. Rehearing denied May 25, 1972. Transfer denied July 20, 1973.]

*Harold V. Jones, Jr., Thompson & Jones,* of Columbus, for appellant.

*Bruce N. Cracraft, Harold L. Folley,* Indiana Bell Telephone Company, *Patrick J. Smith, Robert D. Morgan, Smith, Morgan & Ryan,* of Indianapolis, for appellee.

ROBERTSON, P.J.—This appeal results from a declaratory judgment rendered in favor of Indiana Bell Telephone Company, Incorporated (Bell). The judgment allows compensation to Bell from the City of Columbus Redevelopment Commission (Commission) for the relocation of certain telephone cables and equipment necessitated by an urban renewal project being carried out by the Commission. The pertinent part of the judgment reads:

> "This cause came on to be heard by the Court without the intervention of a jury upon plaintiff's complaint for declaratory judgment and defendants' answer thereto, and the parties having submitted this cause upon an agreed statement of facts, contained in their Stipulation of November 4, 1971, and their Second and Fourth Stipulations, and the Court having heard the arguments of counsel and being duly advised in the premises now finds for the plaintiff that the allegations of plaintiff's complaint are true and that the law is with the plaintiff.
>
> IT IS THEREFORE ADJUDGED that under the provisions of Section 611 of Chapter 239 of the Acts of the Indiana General Assembly for the year 1969[1] plaintiff may retain and maintain its communication facilities in, on, under and over vacated streets, alleys and public ways, included in the Columbus Indiana Redevelopment Project

---

1. IC 1971, 18-5-10-51, Ind. Ann. Stat. § 48-926 (Burns 1971).

No. 1, unless and until it is fully compensated for the reasonable expenses of removal and relocation of such facilities.

IT IS FURTHER ADJUDGED that under the provisions of the laws of the state of Indiana relating to redevelopment of areas, including blighted areas, the defendants herein are required to compensate the plaintiff herein for the reasonable expenses of removal and relocation of its facilities in, on, under and over the vacated streets, alleys and public ways which are to be redeveloped by the Columbus Redevelopment Commission.

IT IS FURTHER ADJUDGED THAT under the provisions of the Constitution of the State of Indiana and the Constitution of the United States, the defendants, as a condition to requiring the removal and relocation of plaintiff's facilities, must compensate plaintiff for the reasonable expenses of removal and relocation of its facilities from in, on, under and over the streets, alleys and public ways of the Columbus Redevelopment Project No. 1 which are to be vacated or have been vacated.

IT IS FURTHER ADJUDGED that the plaintiff is entitled, at the minimum, to compensation for the removal and relocation of its facilities from in, on, under and over the said vacated streets, alleys and public ways according to the standards and formula provided in Policy and Procedure Memorandum 30-4 of the United States Bureau of Public Roads."

The Motion to Correct Errors is in four parts, and may be summarized as follows:

1.  Bell's use of the City streets and alleys is a mere license that may be revoked at will and without payment, and that such use is not a contract or property right.

2.  The use of streets, etc., by Bell is a mere license that may be terminated, revoked, or relocated as an exercise of the City's police powers, without requiring any compensation.

3.  The revocation of Bell's license to use the streets, etc., of the City is not a contract or property right protected by the 5th or 14th Amendments of the Constitution of the United States or §§ 21 and 23 of Article I of the Constitution of the State of Indiana nor a denial of equal protection under the

14th Amendment of the Constitution of the United States or § 23, Article I of the Constitution of the State of Indiana.

4. The laws of Indiana do not require compensation for costs incurred in removal and relocation of Bell's facilities and any connected costs and expenses which result must be borne by Bell's subscribers.

In crossing the threshold of making the necessary determinations for resolving this appeal, an examination of the statutory authority giving life to a Redevelopment Commission must be made. We are of the opinion that the following parts of the Redevelopment of Cities and Towns Act of 1953, as amended, (IC 1971, 18-7-7-1 *et seq.* Ind. Ann. Stat. § 48-8541 *et seq.* [Burns 1963]) are especially pertinent to the issues raised in this appeal:

"It is hereby declared . . . :
(h) that the clearance, replanning, and redevelopment of such blighted areas are public uses and purposes for which public money may be spent and private property acquired." IC 1971, 18-7-7-2, Ind. Ann. Stat. § 48-8542 (Burns 1963)

"(b) 'Redevelopment' shall included . . . the relocation, construction or improvement of sewers, levees, and utility services. . . ." IC 1971, 18-7-7-3, Ind. Ann. Stat. § 48-8543 (Burns 1963)

"An urban renewal project may include . . .
(3) installation, construction or reconstruction of utilities . . . and other improvements necessary for carrying out the objectives of the urban renewal project." IC 1971, 18-7-7-29, Ind. Ann. Stat. § 48-8563 (b) (Burns 1963)

"* * * In addition to the surveys and plans the commissioners are otherwise authorized to make, they are hereby specifically authorized to make . . .
(3) plans for the relocation of persons (including families, business concerns, and others) displaced by an urban renewal project. . . . The commissioners are authorized to make relocation payments to or with respect to persons (including families, business concerns and others) displaced by an urban renewal project, for moving expenses and losses of property for which reimbursement or compensation is not otherwise made, including the making of such payments financed by the federal government." IC 1971, 18-7-7-31, Ind. Ann. Stat. § 48-8563 (d) (Burns 1963)

"This act being necessary for and intended to secure the public health, safety, convenience and welfare, and the protection of public and private property from the standpoint of both human and economic needs, the provisions of the act shall be liberally construed to effectuate the purposes thereof." IC 1971, 18-7-7-38, Ind. Ann. Stat. § 48-8567 (Burns 1963)

The trial judge, in addition, relied upon the following statute in making his decision:

"Any provisions in this article [§§ 48-916—48-928] to the contrary notwithstanding, no proceedings for vacation brought pursuant to any provisions of this article shall have the effect of depriving any public utility of the use of any street, alley, public ground or part thereof to be vacated, if, at the time such vacation proceedings are instituted, any such public utility is occupying and using any such street, alley, public ground or part thereof for the location and operation of its utility facilities: Provided, That any such public utility may waive the provisions of this section by filing a written consent to any such vacation wherein any such proceedings for change, vacation or disannexation are pending." IC 1971, 18-5-10-51; Ind. Ann. Stat. § 48-926 (Burns 1971)

The Commission has cited numerous authorities which state that a municipality can require a utility occupying a public way to relocate without being recompensed. Bell has countered with authority holding that a utility's use of public way, where there has been expenditure for installing equipment and facilities with the expectation of its so remaining for an indeterminate period, amounts to a property or contract right somewhat higher than a mere license which may not be revoked at will without compensation.

It will be noted that each of the four Specifications of Error rise or fall upon the requirement that the use of the City's street as a license, defined as being revocable at the pleasure of the landowner. See: *Paris* v. *Kaspare* (1886), 109 Ind. 586, 10 N. E. 109.

We are of the opinion that such labeling is of no consequence in arriving at our decision in this cause. In view of the above-

quoted statutory provisions dealing with urban renewal projects, it is patently clear that the relocation expenses can and should be paid to Bell in the situation here presented. A sentence of IC 1971, 18-7-7-31, Ind. Ann. Stat. § 48-8563 (d) (Burns 1963), says:

> "The commissioners are authorized to make relocation payment to or with respect to persons (including families, business concerns and others) displaced by an urban renewal project, for moving expenses and losses of property for which reimbursement or compensation is not otherwise made, including the making of such payments financed by the federal government."

In the case at bar, Bell, a business concern, has had its facilities dislocated by the Columbus Redevelopment Project No. 1, thereby incurring expenses for moving or relocating its facilities, and is, therefore, entitled to compensation. The compensation or reimbursement not otherwise made contemplates situations such as this in which the outright purchase of property rights, such as in fee simple, is not required.

While the issues in this case are novel to this state insofar as reported judicial opinions are concerned, the matter has been discussed, as well as decided, elsewhere. In concluding a discussion involving IC 1971, 18-7-7-31, Ind. Ann. Stat. § 48-8563 (d) (Burns 1963), an attorney general's opinion says:

> "It is, therefore, my opinion that public utilities must be reimbursed for expenses in relocating their facilities pursuant to urban renewal projects, and such relocations, if for a public purpose and just compensation is made, does not violate the constitutional provisions against 'taking' and 'impairment of contractual obligations.'" 1970 O. A. G. (Ind.) p. 75.

In construing a statute which was comparatively silent on relocation costs, as compared to the Indiana Acts, it has been held that such expenses should be paid. *Mayor and City Council of Baltimore* v. *Baltimore Gas & Electric Company* (1959), 221 Md. 94, 156 A. 2d 447.

The Michigan statutes dealing with urban renewal programs set out a definition of what constitutes real property for the purposes of the program. In an analogous factual situation, the Court of Appeals of Michigan held that relocation costs must be paid to a telephone company because their interests fell into a category delineated by the statute. *City of Center Line* v. *Michigan Bell Telephone* (1970), 26 Mich. App. 659, 182 N. W. 2d 769. We hold, in a similar manner, that the Indiana Redevelopment of Cities and Towns Act of 1953 creates a statutory obligation for payment of relocation costs of a private utility. Equally applicable from the *City of Center Line* case, *supra*, is:

> "Nothing in this opinion should be construed as an attempt to alter the common law right of the city to subordinate the utility's interest to an exercise of the police power in any other setting than urban renewal. It is because of the expressed legislative intention and the nature of urban renewal that this exception has been established." 182 N. W. 2d, at p. 772.

The constitutional questions raised by the Commission are argued in two parts: (a) the requiring of Bell to relocate its facilities does not constitute a "taking" which requires compensation under the due process clauses of the State and Federal Constitutions, and (b) allowance of compensation for relocation or removal of a municipal utility facilities does not require similar treatment to a privately owned utility in order to comply with the equal protection clauses of the State and Federal Constitutions.

In discussing the latter argument first, the Commission had paid the Columbus Municipal Water Utility for relocation expenses, hence the equal protection question was raised. A close reading of the applicable statutes does not disclose any differentiation in any regard between the various types of utilities insofar as ownership is concerned. It cannot, therefore, be advocated that a municipal utility, as opposed to a public utility, stands in a different relationship because of the absence of such a distinction in

the Redevelopment of Cities and Towns Act of 1953, as amended.

In a similar vein the constitutional argument that no taking occurred is pinned to the theory that Bell's occupation of the streets is a revocable license. Such not being the case, it necessarily follows that the "taking" is compensable as required by IC 1971, 18-7-7-31, Ind. Ann. Stat. § 48-8563(d) (Burns 1963).

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 510.